### No. 7765.

### HUMPHREYS *v.* THE STATE, EX REL. SHERWOOD.

NEW TRIAL.—*Practice.*—*Evidence.*— *Witness.*—As a rule, a new trial will not be granted for the purpose of affording a party an opportunity to impeach a witness by newly-discovered evidence.

SAME.—Unless the newly-discovered evidence is of such materiality as to render it likely that it would produce a different result, a new trial should not be granted.

SAME.—*Surprise.*—Where the testimony of an adverse witness is such as was to be reasonably expected, a new trial should not be granted on the ground of surprise at such testimony.

From the Greene Circuit Court.

*W. M. Franklin, A. G. Cavins* and *E. H. C. Cavins,* for appellant.

*E. E. Rose, E. Short, J. C. Denny* and *W. L. Granger,* for appellee.

ELLIOTT, J.—This was a prosecution against the appellant under the statute regulating proceedings in bastardy cases. There is but one error assigned, and that is based upon the ruling denying appellant a new trial. Like almost every case of this character, there was a sharp conflict in the evidence, but the jury, as juries very generally do in such cases, believed the testimony of the relatrix, and we can not say that they did wrong. This is all we need say upon the

often argued, but very seldom tenable ground, that the verdict is not sustained by the evidence.

One of the grounds upon which a new trial was asked is that of newly-discovered evidence. It would serve no useful purpose to set forth the evidence claimed to have been newly-discovered. It is sufficient to say that it was not of such a character as would have authorized the granting of a new trial. The only effect of the newly-discovered evidence would have been to contradict the relatrix upon a matter of not very great materiality, namely, the precise date when one of several acts of sexual intercourse took place.

Conceding that the newly-discovered evidence would have impeached the relatrix upon this point, still appellant would not have been entitled to a new trial, for the rule is that a new trial will not be granted for the purpose of affording a party an opportunity to impeach a witness. The time at which one of the several acts of sexual intercourse took place was not of sufficient materiality to have entitled the appellant to a new trial. It was not at all likely that such evidence would have produced a different result upon a second trial. Unless evidence is of such materiality as to render it likely that it would produce a different result, a new trial should not be granted.

Another reason urged for a new trial is, that the appellant was surprised by testimony given by the relatrix. The testimony which caused the surprise, upon which appellant bases his motion, was as to the date on which one of the acts of illicit intercourse took place between the relatrix and the appellant, and was called out upon cross-examination. The matter thus testified to was not of a material character, and would not, if proved upon another trial, be at all likely to change the result. But, independently of this consideration, the cause shown for a new trial, upon the ground of surprise, was insufficient, because the appellant must have expected, from the character of the charge preferred, just such testi-

mony as was given against him. Where the testimony of an adverse witness is such as was to be reasonably expected, there is no ground for a new trial. The argument upon this point rests upon a mistake of fact. The relatrix testified, in her examination before the justice, that the child was begotten on the 20th day of May, 1877, and this statement she reiterated in the trial in the circuit court. In the latter court she testified to three distinct acts of sexual intercourse, but did not, as we understand her testimony, directly contradict what she had said in her examination before the justice of the peace.

Judgment affirmed, at costs of appellant.