Chapman *v*. Moore.

Filed June 25, 1886.

---

No. 12,522.

CHAPMAN *v*. MOORE.

107  223
144  433
107  223
:165  89

PRACTICE.—*Objection to Evidence Must be Specific.—Supreme Court.—*A general objection that evidence is incompetent and immaterial, is not sufficient to present any question on appeal.

NEW TRIAL.—*Newly Discovered Evidence.—Lost Document.—Proof of Contents by Parol.—*A new trial will not be granted a party on the ground of newly discovered evidence, consisting of a lost document which he knew at the time of the trial to be in existence, and the contents of which, upon proof of loss, he could have proved by parol.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellant.

ELLIOTT, J.—The appellant insists that the trial court erred in admitting evidence over his objections, but we think that the objections made to that court were not sufficiently

specific. It is well settled that it is only such objections as are made in the trial court that can be successfully urged on appeal. *City of Delphi* v. *Lowery*, 74 Ind. 520. It is equally well settled that the general objection that evidence is incompetent and immaterial is insufficient to present any question on appeal. *Shafer* v. *Ferguson*, 103 Ind. 90, and cases cited; *Grubbs* v. *Morris*, 103 Ind. 166; *Stanley* v. *Sutherland*, 54 Ind. 339.

After the court had denied the appellant's motion for a new trial, a supplemental motion was filed by him, and this motion was also overruled. In this there was no error. The supplemental motion asks a new trial upon the ground of newly discovered evidence, and asserts that an order was given by the appellee to the appellant for four thousand feet of lumber, and that it was not found until after the trial. The affidavit, however, shows that the appellant knew of the existence of the order, and knew also of its loss prior to the trial, but made no effort to prove its contents by parol. We do not think a party has a right to thus remain silent until after the trial, and then for the first time ask the benefit of a document known to him to be in existence, and of the contents of which, upon proof of loss, he might have given parol evidence.

Judgment affirmed.

Filed June 26, 1886.