Nixon *v.* Christie.

84  469<br>121  653

After verdict for the defendant in a suit upon a promissory note, the grant of a new trial solely upon the ground of newly discovered evidence consisting of a paper the sometime existence of which the plaintiff knew, but supposed it to be lost or destroyed, but touching

which he introduced no testimony, gives no reason for not so doing, and which he discovers immediately after the trial, and which would not necessarily show that the defendant's plea was untrue, is erroneous.

February 24, 1890.

Evidence. New trial. Practice. Before Judge JOHN T. CLARKE. Terrell superior court. May term, 1889.

Reported in the decision.

HOYL & PARKS, for plaintiff in error.

C. B. WOOTEN and J. M. GRIGGS, *contra.*

BLANDFORD, Justice.

· Christie brought his action against Harriet C. Nixon on a promissory note for the sum of two hundred dollars. Defendant pleaded that the note was given for services to be performed by Christie as an attorney at law, and that at the time of the making of the note it was further agreed between the parties that Christie should enter into a written agreement that said note should be paid only on condition of a recovery to be had in a case to be brought in the case of Maggie Nixon (a daughter of the plaintiff in error) against one Perry, and if no recovery was had, then the note was not to be paid; that after she signed the note, it was agreed that Judge Vason should draw up the latter agreement, and he started to write it out, but not having time then in consequence of being called to the court-house, he was to draw it up that night at his room, and the same was to be delivered to her by Mr. Christie; that there was no recovery in the case of Maggie Nixon against Perry; wherefore she alleged that there was no consideration for the note. The evidence of the defendant tended to support this plea, while the evidence of the plaintiff tended to deny the plea and to show that it was not true. A verdict was had for the defendant, whereupon the plaintiff, Christie, moved the court for a

new trial, upon the general grounds that the verdict was contrary to law and the evidence. This motion for a new trial was amended, plaintiff alleging newly discovered evidence in writing, which writing was to the effect that Maggie Nixon agreed to pay to D. A. Vason and plaintiff (Christie) a certain per cent. of the recovery which might be had in the case which was then pending, or to be brought by her against Perry. The writing was not signed by Harriet C. Nixon, the defendant in the case, but by Maggie Nixon, her daughter. The affidavit of the plaintiff, attached to his motion for a new trial, states that he thought this paper, which was discovered after the trial, had been lost or destroyed. He did not show why he did not give in evidence to the jury the contents of this paper at the trial; that he had forgotten it; that it had passed out of his mind; nor did he show where he discovered it, or how he obtained it, by his affidavit. The court granted the motion for a new trial on the ground of this newly discovered evidence alone, and the defendant, Harriet C. Nixon, excepted thereto and says that the same was error.

We think that the court committed error in granting a new trial upon this ground alone. There is no sufficient reason stated in the affidavit to sustain this ground, for it is not shown why the contents of the paper were not gone into, if the paper had been searched for and it was thought to have been lost or destroyed. It appears to us that the existence of this paper must have been known to the plaintiff, for he found it immediately after the trial. He fails to show how he procured the paper, or where it was found, or to give any satisfactory reason why it could not have been produced on trial. Nor do we think that the paper itself, when found, would necessarily show that the plea of the defendant, Harriett C. Nixon, was false or untrue. It might very well be that, when the mother of Maggie Nixon became

liable to pay the counsel for her daughter upon the note, the parties might have then stipulated that in case of failure to recover in case of Maggie *v.* Perry, the note was not to be paid. Nor does the subsequent note given by Maggie Nixon to her counsel, whereby she agreed to give them a certain per cent. of the recovery which might be had in the case brought by her against Perry, conclusively show that her counsel had not agreed with Harriett C. Nixon that if they failed to recover in that case, her note to them should be null and void or was not to be paid.

While we might be willing to allow the grant of a new trial to stand if the court had put upon it all of the grounds taken in the motion for a new trial, yet, when the court restricted it to the ground mentioned, we think, for the reason we have stated, the court committed error in granting a new trial upon that ground alone; so the judgment is                *Reversed.*