### James Reardon v. Steep & Washburn.

1. VERDICTS—*Upon Conflicting Evidence.*—Where there was a conflict in the evidence at the trial, and the trial judge saw and heard the witnesses, being better able to determine their credibility and the weight to be given to their respective testimony, the Appellate Court will not disturb the finding.

2. NEW TRIALS—*Newly Discovered Testimony.*—Evidence, not conclusive in its nature, is not such as the law requires to make the granting of a new trial on account thereof, imperative.

Reardon v. Steep & Washburn.

Assumpsit, on an account. Appeal from the Circuit Court of Grundy County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 17, 1897.

E. L. CLOVER, attorney for appellant.

NATHAN E. COLES, attorney for appellees.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

Appellees sued appellant on open account for tile sold and delivered, appellant defending on the ground of payment; jury was waived, and the trial by court resulted in a finding and judgment against appellant for $184.41, from which he appeals to this court, insisting the judgment is against the evidence, and that a new trial should have been awarded for the further reason of newly discovered evidence.

There was conflict in the evidence on the trial of the issues, and inasmuch as the trial judge saw and heard the witnesses who testified, he was better able to determine their credibility, and the weight to be given their respective testimony, and we are not therefore willing to disturb the finding and judgment on the ground it is against the evidence.

The appellant claims in his affidavit in support of his motion for a new trial, that after the trial in the court below he found his account book, and this it is urged would have changed the findings of the trial court had it been produced before it. While in his affidavit the appellant claims to have searched for the book before the trial and failed to find it, yet it does not appear he made any reference thereto in his testimony before the court at the trial. Had he done so, and laid the foundation for secondary evidence, it might have had as much weight as the book itself. Neither do we think this evidence would have been conclusive in its nature, such as the law requires to make the granting of a new trial on account thereof imperative.

The judgment of the Circuit Court will be affirmed.