[Jernigan v. Clark.]

# Jernigan *v.* Clark.

*Action to recover Statutory Penalty for Cutting Trees.*

1. *Pleading and practice; when bill of exceptions aoes not purport to set out 'all the evidence.*—Where in tne trial of a civil case the defendant interposes a plea which presents no defense, but to which no demurrer was interposed, and issue was taken on it, and the evidence set out in the bill of exceptions proves the plea without conflict, but the bill of exceptions does not purport to set out all the evidence, it will be presumed on appeal, in order to support the trial court's refusal to give the affirmative charge requested by the defendant, that there was other evidence adduced on the trial in disproof of the facts averred in said plea.

2. *Action to recover statutory penalty for cutting trees; admissibility of evidence.*—In an action to recover tne statutory penalty for cutting trees, the declaration of tne defendant to his employees at the time he directed them to cut said trees, that he had obtained permission from the plaintiff to open the road along which the trees were cut, is irrelevant, incompetent and inadmissible in evidence.

3. *Same; same.*—In such a case, the fact that there had been a controversy between the plaintiff and the defendant in reference to the latter cutting trees on other lands of the plaintiff, is immaterial anu irrelevant and is not admissible in evidence.

4. *Same; same.*—In such a case the testimony of a witness to the effect thac the palintiff gave the defendant permission to cut such timber as he wanted for "cross way purposes" off the plaintiff's lands, is impertinent to any issue and inadmissible, when it is not pretended that the trees, for the cutting of which the suit was brought, were cut or needed for such purpose.

5. *Action to recover statutory penalty for cutting trees; sufficiency of plea.*—In an action to recover tne statutory penalty for cutting trees, a plea interposed by the defendant setting up that the trees were cut for the purpose of opening a road across the plaintiff's land, after the latter's permission was obtained by the defendant, to haul logs or timber across said land, presents no defense, if there was a

[Jernigan v. Clark.]

road or roads across the land or a portion of it, and it was to such road that the plaintiff's permission given to the defendant extended.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN P. HUBBARD.

This was an action originally brought by the appellee, D. W. Clark, against the appellant, J. L. Jernigan, and C. Jernigan, doing business under the firm name of J. L. & C. Jernigan. The complaint was subsequently amended by striking out the name of C. Jernigan, leaving only J. L. Jernigan as party defendant. The purpose of the suit, the facts of the case, and the rulings of the court upon the evidence reviewed on the present appeal, are sufficiently shown in the opinion.

The court at the request of the plaintiff, gave to the jury the following written charges: (1.) "If plaintiff owned the lands described in the complaint, and if there was a road or roads across the land or a portion of it and the plaintiff consented that the defendant might go cross his land, this was not a consent of the plaintiff that the defendant might enter upon the land and cut down trees or saplings." (2.) "If the plaintiff did consent that the defendant might go across plaintiff's land for the purpose of hauling timber or logs, this within itself did not authorize the defendant to go upon the lands and cut down trees or saplings."

The defendant separately excepted to the giving of each of these charges, and also separtely excepted to the court's refusal to give each of the following charges requested by him: (1.) "If the jury believe the evidence, they will find for defendant, J. L. Jernigan." (2.) "If the jury believe the evidence, they will find for J. L. & C. Jernigan late partners." (3.) "The court charges the jury that if they believe that Jernigan understood that an authority to be conferred upon him by permission to go across said lands and cut the trees and acted under such understanding they must find for defendant." (4.) "If the jury believe from the evidence that it was necessary to cut the trees from the land in order to open a road, or reopen an old road, and they further

[Jernigan v. Clark.]

believe that Clark gave defendant permission to haul timber across the lands, they must find for defendant, if they believe that no trees were cut except in opening the road."

There were verdict and judgment for the plaintiff, assessing her damages at $180. The defendant moved the court to grant a new trial upon the ground of newly-discovered evidence. The court overruled the motion, and the defendant duly excepted. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

J. F. SANDERS, for appellant, cited *Pittman v. Pittman*, 24 Ala. 306; *L. & N. R. R. Co. v. Tegnor*, 125 Ala. 593; *Jones v. Collins*, 80 Ala. 108; *Lewis v. Simmons*, 101 Ala. 546; *McKinnon v. Leslie*, 89 Ala. 625; *L. & N. R.R . Co. v. Hurt*, 101 Ala. 34.

HICKMAN & RILEY, *contra*.

McCLELLAN, C. J.—Action by Clark against Jernigan for statutory penalties for cutting trees.—Code, § 4137. Defendant pleaded not guilty, and specially several facts provable under the general issue, and also a plea numbered 5 which is this: "That said trees or saplings were cut for the purpose of opening a road across plaintiff's lands after permission obtained from plaintiff for defendant to haul logs or timbers across said lands." As permission to haul timbers across land is not necessarily permission to fell trees and thereby open a new road on such lands, since there may already be—as there was here—a road open over the lands, and since, even had there been no road, the wood may have been so open as to admit of hauling through it without felling the trees, this plea should have been demurred to. No demurrer was interposed, however, and issue was taken on the plea. The evidence set out in the bill of exceptions proves the plea without conflict; but the bill does not purport to set out all of the evidence, and for aught that appears there was other evidence adduced on the trial in disproof of the facts averred in the plea; and in support of the trial court's refusal of

[Jernigan v. Clark.]

the affirmative charge to defendant we must assume that there was such other evidence.

The declaration of the defendant made to his employes at the time he directed them to cut the trees, to the effect that he had obtained permission from Clark to open the road, was properly excluded. The defendant could not thus manufacture evidence for himself.

It was not shown nor proposed to be shown that the controversy between Jernigan and Clark with reference to the former cutting trees on other land of the latter had any bearing upon the cutting involved in this case, and evidence as to such controversy was not relevant in this case.

The proposed testimony of Brewton to the effect that Clark gave Jernigan permission to cut what timber he wanted for cross-way purposes off his, Clark's, land was not pertinent since it was not pretended that the trees for the cutting of which this suit is prosecuted were needed or cut for such purposes.

If the court abused its discretion in declining to allow defendant to examine the witness C. Jernigan after plaintiff had closed his evidence in rebuttal, which we by no means decide, the defendant was not prejudiced thereby, for the plaintiff thereupon admitted the fact proposed to be proved by said witness.

On considerations adverted to above in treating of the 5th plea, we hold that the court committed no error in giving charges 1 and 2 requested by plaintiff. What is there said also disposes of the exception reserved to the court's refusal to give charge 1 requested by defendant. Charge 2 of defendant's series was bad for the same reason, and also for that it would have directed a verdict in favor of a party, who had been eliminated from the case by amendment of the complaint.

It will suffice to say in condemnation of charge 3 refused to defendant that its language is inaccurate and confusing.

Charge 4 is abstract in that there is no evidence that the trees involved in the suit were cut in opening an old road. To the contrary, the undisputed evidence is that these trees were not in any old road and were not cut in reopening such road.

[Neville v. Reed.]

We do not feel warranted in disturbing the ruling of the circuit court on defendant's motion for a new trial. The only ground of the motion is that the defendant has discovered material evidence, etc., since the trial. It is not made to appear that he used requisite diligence to discover this evidence before the trial, but as to most of it it does appear that the exercise of due diligence would have discovered it before the trial.—*McLeod v. Shelby, etc., Co.*, 108 Ala. 81.

Affirmed.