# Montgomery Traction Co. v. Bozeman.

### Action for Damages for Injury to Passenger.

(Decided July 2, 1907.  44 South. 559.)

1. *Exceptions, Bills of; Extention of Time for Signing; Agreement of Attorneys.*—After the time for signing the bill of exceptions has expired, whether the extended time was by law or otherwise, the attorneys cannot by agreement grant an additional time for signing so as to make the bill legal.  (Acts 1900-01, p. 830.  Montgomery City Court Act.)

2. *Appeal; Record; Bill of Exceptions; New Trial.*—Although a bill of exceptions was not signed within the time after the main issues were decided, yet, if it was signed within the time after the determination of the motion for a new trial, it will be considered for the purpose of reviewing the court's action on the motion for a new trial.

3. *Damages; Personal Injury; Amount.*—Where the evidence tended to show that plaintiff was considerably bruised and injured, and that part of the injury was of a permanent character tending to shorten life, and that organic heart trouble liable to produce death at any time had been developed or aggravated by the injury, a verdict for $3,400.00 cannot be said to be excessive.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Personal injury action by Mead G. Bozeman against the Montgomery Traction Company.  From a judgment denying a new trial, defendant appeals.  Affirmed.

This is an action for damages for injury received by appellee resulting from a collision between cars on defendant's line.  It was admitted that there was negligence on the part of the defendant, and the only question presented for determination by the jury was the question of plaintiff's damages.  The jury returned a verdict for $3,400, and motion was entered by defendant for a new trial on the ground that the verdict was excessive and not borne out by the evidence.  This motion was denied, and defendant appeals.

10 R

RUSHTON & COLEMAN, for appellant. Counsel discuss the evidence and insist that the verdict is excessive, but cite no authority.

HILL, HILL & WHITING, for appellee. The time for preparing and presenting the bill of exceptions expired thirty days after the judgment was rendered.—Acts 1900-01, p. 830, sec. 10; *Arnett v. Western Ry.,* 39 South. 775; *Western Ry. v. Russell,* Ib. 311. After the expiration of the time the attorneys could not extend it.— *Richter v. Koopman,* 131 Ala. 400; *Rosson v. The State,* 92 Ala. 76; *Bass Furnace Co. v. Gasscock,* 86 Ala. 244. Under the evidence the verdict was not excessive.—*A. G. S. R. R. Co. v. Bailey,* 112 Ala. 167; 13 Cyc. 121.

ANDERSON, J.—The act (section 10, p. 830, Acts 1900) regulating the practice of the city court of Montgomery provides that "'bills of exceptions must be signed by the presiding judge of said court within thirty days after the day on which the issue or issues of fact to which said bill of exceptions relates was tried, unless the time for signing such bill of exceptions is extended by agreement of parties or of their counsel or of the presiding judge," etc. The trial was had on February 20th, and the time fixed by statute expired 30 days thereafter. An agreement was entered into by counsel extending the time; but the date of said agreement was April 1st, several days after the time fixed by law had expired. Attorneys are not authorized to make agreements to extend the time after the time previously extended by law or otherwise has expired.—*Bass Furnace Co. v. Glasscock,* 86 Ala. 244, 6 South. 430.

The bill of exceptions cannot be looked to for the purpose of reviewing exceptions reserved upon the trial, but it is properly a part of the record for the purpose of re-

[Southern Railway Co. v. Cunningham.]

viewing the action of the trial court in overruling the motion for a new trial, as it was signed within 30 days of the overruling of same.—*McCarver v. Herzberg,* 135 Ala. 542, 33 South. 486. After a careful consideration of the evidence we are not prepared to say that the verdict was excessive and that the trial court erred in not setting the same aside. The plaintiff was considerably bruised and injured, and there was evidence that a part of his injury was of a permanent character and calculated to shorten his life. The shock may not have been the sole cause of his heart trouble; but there was evidence that it either produced or magnified it, thus rendering his condition precarious by development or aggravation of an organic heart trouble, liable to produce death at any time.

The judgment of the city court is affirmed. All the Justices concur.