# Central of Georgia Railway Company v. Geopp.

*Action for Damages for Injury to Passenger.*

(Decided Nov. 28, 1907. 45 So. Rep. 65.)
(Rehearing denied Dec. 19, 1907.)

1. *Carriers; Passengers; Injury to; Negligence; Evidence; Collision.*—Proof of a collision and injuries resulting therefrom makes out a prima facie case of negligence in the handling and operation of two trains on one of which plaintiff is a passenger, though one of them was standing.

[Central of Georgia Railway Company v. Geopp.]

2. *Same; Complaint.*—A complaint charging the injury to plaintiff to have been occasioned from the negligence of those in charge of a train on which he was a passenger, by a collision with another train, is supported for recovery by proof of negligence in the handling of one of the trains, and a charge asserting that unless there was negligence of the servants in charge of both the trains, resulting in injury, plaintiff could not recover, was properly refused.

3. *New Trial; Newly Discovered Evidence; Diligence.*—Where the defendant made no effort at the trial to show a different version of the affairs as testified to by plaintiff and his one witness, defendant's lack of diligence bars him from a new trial on account of newly discovered evidence.

4. *Bills of Exception; Time of Signing; New Trial; Questions Presented.*—Where the bill of exceptions is not signed within the time allowed by law after the original trial it does not present for review the action of the court on the former trial; but where it is signed within 30 days after judgment upon a motion for new trial it presents for review the action of the trial court with respect of the motion for a new trial.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Jesse Geopp against the Central of Georgia Railway Company for damages for personal injuries suffered by plaintiff while a passenger on defendant's train, as the result of a collision. From a judgment for plaintiff in the sum of $1,950, defendant appeals. Affirmed.

The pleadings and the facts are sufficiently stated in the opinion of the court. The defendant requested the following, among other charges, which were refused: "Charge 3. The court charges the jury that, unless they believe from the evidence that there was negligence on the part of the servants of defendant in charge of both trains testified about, which negligence caused the injury complained of, they must find for the defendant."

CHARLES P. JONES, and W. F. THETFORD, JR., for appellant. The bill of exceptions should not be stricken.— Acts 1900-01, 826; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 282. The complaint charges negligence to a particular set of employes and the testimony does not even tend to

[Central of Georgia Railway Company v. Geopp.]

show that these particular employes were at fault, hence defendant was entitled to the affirmative charge.— *Southern Ry. Co. v. O'Brien,* 43 South. 378; *Dean v. E. T. V. & G. R. R. Co.,* 98 Ala. 586.

A. A. WILEY, for appellee. Motion to strike the bill of exceptions should be sustained.—Acts 1900-01, p. 829; Secs. 616-17, Code 1896; *Ala. Mid. Ry. Co. v. Brown,* 129 Ala. 285; *Abercrombie v. Vandiver,* 140 Ala. 229; *Western Ry. of Ala. v. Russell,* 39 South. 311; *Arnett v. Western Ry.,* 39 South. 775; *Alexander v. The State,* 117 Ala. 220; *Scott v. The State,* 37 South. 333. It cannot be considered as a bill of exceptions even so far as it relates to appellant's motion for a new trial.— Authorities supra. In any event, the motion to set aside the judgment and grant a new trial was properly overruled.—*Ala. Mid. Ry. Co. v. Brown, supra; Dillard v. Savage,* 98 Ala. 598; *Cobb v. Malone,* 93 Ala. 635; *Cobb v. Malone,* 93 Ala. 635; *Perry County v. King,* 117 Ala. 533; *Nelson v. Steiner,* 113 Ala. 562. The trial court cannot be put in error as to the rulings on the pleadings, or the evidence. The record does not show any demurrers nor exceptions reserved to the admissions of evidence.—*Jasper Merc. Co. v. O'Rear,* 112 Ala. 247; *Ala. Mid. Ry. Co. v. Brown, supra.* The amendment to the complaint was properly allowed.—141 Ala. 428; 3 Ala. 595; 56 Ala. 368.

ANDERSON, J.—The bill of exceptions in this case was not signed in time to authorize this court to review the rulings of the lower court upon the trial, but was signed within 30 days after the judgment upon the motion for a new trial, and therefore presents for review the action of the trial court in that respect.—*Montgom-*

*ery Traction Co. v. Bozeman,* 152 Ala. 145, 44 South.
559; *Montgomery Traction Co. v. Haygood,* 152 Ala. 142,
44 South. 560.

The complaint in one place charges the injuries as re-
sulting from the negligence of those in charge of one
train, and in another place charges negligence to those
in charge of both trains. Whether or not the complaint
was subject to demurrer we need not decide, as none
was interposed. It is sufficient to say it states a cause
of action which will support the verdict and judgment.
The plaintiff proved a collision and injuries, and this
made out a prima facie case of negligence as to the han-
dling and operating of both trains.

It is insisted by the appellant that the trial court
erred in refusing charge 3, requested by the defendant,
and therefore erred in refusing the motion for a new
trial because of said error. We do not think the trial
court erred in refusing this charge. The complaint
would permit a recovery upon proof of the handling of
one train, the one upon which the plaintiff was being
transported. It is contended, however, that there is no
proof that this train was negligently handled or oper-
ated; that it was stationary, and the other train ran into
it. Granting that it was stationary, and that it was run
into or against by the other train, the fact that it was
placed or left where the other train struck it, in the ab-
sence of proof of negligence upon the part of the crew
of the other train alone, proof of the collision would
make out a prima facie case that it was negligently
placed or left there. In other words, the proof of the
collision made out a prima facie case of negligent injury
to the plaintiff, who was a passenger, and this proof was
in no way contradicted or overcome by the defendant,
who offered no evidence on the subject.

The trial court did not err in refusing the motion for a new trial, because of newly discovered evidence. If Ratley did not tell the truth, the defendant could have doubtless contradicted him by the exercise of proper diligence. There were a train crew and other passengers, and it is not at all probable that the plaintiff and Ratley were the only two persons who knew anything about the injury. The defendant made no effort at the trial to show a different version of the affair, notwithstanding it had the means to do so, and examined only one witness, who was its surgeon, and only as to the extent of the injury. The testimony of the witnesses whose affidavits are offered as to the physical condition of the plaintiff would not have changed the verdict, as her injuries were proven by several reputable physicians, including its own surgeon.—*Schlaff v. Railway Co.,* 100 Ala. 377, 14 South. 105. We do not think the defendant showed such diligence in getting its evidence before the court as to entitle it to a new trial because of newly discovered evidence.

The judgment of the city court is affirmed.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.