# Traub v. Fabian.

### Motion for New Trial.

(Decided April 15, 1909.  49 South. 240.)

*New Trial; Grounds For; Mistake.*—Under section 5372, Code 1907, the court properly declined to grant a motion to set aside a judgment, where it appeared that the defendant against whom the judgment had been rendered, on receiving the summons and complaint, took it to one of a firm of attorneys who represented him in another case, and not finding such attorney in, left the summons and complaint in his office; and afterwards ascertaining that such attorney was out of the city, he went to the office of the attorneys and requested the other member of the firm to look after the case, and such attorney supposed that the case referred to was the case in which they had already been employed, and did not know of the second suit until after default judgment had been taken therein against the defendant, and gave it no attention.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Henry Fabian sued Jacob Traub and recovered a judgment by default against him. Traub entered a motion for new trial based on the grounds set out in

the opinion. From an order declining to set aside the judgment and granting the new trial, Traub appeals. Affirmed.

POWELL & BLACKBURN, for appellant.—Counsel discuss the matters assigned as error and insist that the motion for new trial falls squarely within the terms of the statute authorizing rehearings on the ground of accident or mistake.

RICHARD H. FRIES, for appellee.—The court granting the judgment was the Birmingham City Court, and more than thirty days had expired from the rendition of the judgment before the application for a rehearing was filed, and hence, the court had no authority to consider the motion.—*Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *Storey v. McClellan,* 143 Ala. 629; Freeman on Judgments, sec. 101. Parties must bring themselves strictly within the terms of the statute.—31 Ala. 493; 98 Ala. 351. The reason given was not sufficient.—*Ex parte North,* 49 Ala. 385; *Ex parte Wallace,* 60 Ala. 267; *French v. Garner,* 7 Port. 749; *Blood v. Beadle,* 65 Ala. 103.

SIMPSON, J.—This appeal is from a judgment of the court refusing to grant a rehearing, under section 5372 of the Code of 1907. The gravamen of the petition is that the petitioner is a foreigner not well versed in the English language; that P., of the law firm of P. & B., had in hand several cases by one C. against petitioner in the "inferior court of Birmingham," which had been attended to by P.; that petitioner, on being sued by Fabian (appellee) in the city court, went or sent to P.'s office, and, not finding him in, left the copy of the summons and complaint on his desk; but afterward, finding that P. was out of the city, petitioner went to P.'s part-

ner, B., and requested him to look after the case; that B. supposed that the case referred to was the case or cases already in the inferior court, and assured petitioner several times that he was looking after his case, and did not understand, until after the judgment by default, that another case had been commenced against said appellant, Traub, in the city court. The petition states "that, at the time of the employment of said B. to represent your petitioner in said suit of Fabian, and to defend against said suit, your petitioner plainly and positively stated the style of the suit and court that the same was pending in, and your petitioner alleges said B. is as equally positive and certain that he understood the suit in which he was to represent your petitioner and defend against was that which had previously been managed and looked after by said P. in the inferior court.

Both the statute and our decisions are clear to the effect that, to entitle a party to the benefit of a rehearing under said statute, he must have been prevented from making his defense by surprise, accident, mistake, or fraud, without fault on his part or on the part of his attorney. It is the duty of the party desiring the services of an attorney to inform him distinctly as to the name of the party suing him and the court in which he is sued. The copy of the complaint is served upon him for the purpose of informing him fully as to the nature of the suit against him, who the plaintiff is, and what court it is in which he is sued. Proper diligence would suggest that said complaint should be exhibited to his attorney, and, if not produced by him, the attorney, in the exercise of proper diligence, should inquire for it. If they cannot understand each other, an interpreter should be secured. As was said in an early case: "The law exacts diligence from suitors; and, if necessary, parties must, in the preparation of their causes, com-

bat and overcome difficulties."—*Allington v. Tucker,* 38 Ala. 655, 657. We cannot say that the failure of the client and the attorney to understand each other is a sufficient showing of diligence.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.