# Fitts & Son *v.* Bryan.

## *New Trial.*

(Decided April 21, 1910.   52 South. 333.)

*New Trial; Grounds; Newly Discovered Evidence; Diligence.*— Because of want of due diligence the absence of a letter disclosing a fact relied on at the trial, did not justify a new trial on the ground of newly discovered testimony where it appeared that with slight diligence, the party or his attorney could have ascertained whether either of them had the letter.

APPEAL from Choctaw Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Fitts & Son recovered a judgment of John C. Bryan, which on motion was set aside and a new trial ordered. From the order granting a new trial Fitts & Son appeal. Reversed and rendered.

W. F. GLOVER, for appellant. As to the granting of a new trial on the motion made in this case see Rule 2, p. 1518, Code 1907; 25 Ala. 95; 81 Ala. 94. The failure to secure the information does not comply with the rule of newly discovered evidence.—114 Ala. 336; 108 Ala. 21.

GRAY & LINDSEY, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is an appeal from the judgment of the court granting a new trial on motion. At the spring term of the circuit court a judgment·on the verdict of a jury was rendered in favor of the plaintiffs in the case of W. F. Fitts & Son et al. v. John C. Bryan (the appellee). The judgment entry shows that at said spring term, 1909, came the defendant and moved the court to set aside the judgment and grant a new trial, setting out the grounds on which the motion was made, and signed by the attorneys for the motion. In fact, this entry seems to be a copy of the motion, and it is marked, "Filed March 20/09." The clerk goes on to state over his signature, that: "The above motion was not spread on the motion docket 'till the Fall term, 1909. Motion continued"—and under the signature of the clerk appears this entry: "3/20/09. (Signed) J. T. Lackland, Judge." The record then shows that on October 7, 1909: "Motion granted, and plaintiffs except to the granting of same. Cause ordered to be reinstated on the docket."

· The bill of exceptions also sets out the motion for a new trial, to wit, newly discovered evidence, in that a letter rescinding the contract of insurance has been delivered to the insurance company, and by it to O.· L. Gray, and defendant made no demand on the company for the production of said letter, because he was under the impression and believed the letter was still, at the time of the trial, in the possession of O. L. Gray, one of his attorneys in this cause; second, meritorious defense; and, third, the judgment is contrary to the evidence. It states that "no notice of said motion was given to plaintiff, said motion was spread upon the

motion docket on the 5th day of October, 1909, a day of the fall term, 1909, of said court; also that plaintiff objected seriatim at the hearing of said motion on the grounds, first, that it had not been acted on by the court at the spring term, 1909, and duly continued, and the same had been discharged; second, the grounds, as to diligence and discovering new evidence, in said motion, was insufficient; third, there was no proof of any diligence or new testimony, as no testimony under oath was given as to same." Said objections being overruled, the bill of exceptions states: "This being all of the evidence the court made an order granting said motion for a new trial in said cause, to which ruling of the court the plaintiff duly excepted."

Without considering the technical irregularities insisted upon, the claim of newly discovered evidence was not sufficient, as there was an entire absence of any allegation (as well as evidence) of such diligence as the law requires on that subject. The attorney for the petitioner certainly knew whether he had the letter in question in his possession, and they both could have ascertained with very slight diligence whether either of them had the letter.—*K. C., M. & B. R. R. Co. v. Phillips,* 98 Ala. 159, 168, 169, 13 South. 65; *McClendon, v. McKissack,* 143 Ala. 189, 192, 193, 38 South. 1020; 4 Mayfield's Dig. p. 315, par. 5; *Traub v. Fabian,* 160 Ala. 210; 49 South. 240.

The judgment of the court is reversed, and a judgment will be here rendered overruling the motion for a new trial.

Reversed and rendered.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.