# Newton Loan & Banking Co. *v.* Reeves.

*Assumpsit.*

(Decided June 30, 1911.    56 South. 255.)

1. *Lost Instruments; Action on; Evidence.*—Where the action was upon a note which was lost, and the defense was that the note was signed by the defendant by himself as president and manager of a corporation, and not individually, and that it was given in payment for wood bought by the corporation, evidence of the business of the corporation and that plaintiff bought the wood for the corporation as such, was relevant to the issue, and tended to establish the probability of the defendant's contention.

2. *Appeal and Error; Review; Finding.*—The refusal of the trial court to grant a motion for new trial on the ground that the verdict was contrary to the evidence, will not be disturbed on appeal unless the preponderance of the evidence against the verdict be such as to convince the appellate court that it was wrong and unjust.

3. *Evidence; Weight; Number of Witnesses.*—The weight of the evidence does not necessarily depend upon the number of witnesses on either side.

4. *New Trial; Newly Discovered Evidence; Diligence.*—Unless it appears that the party applying for a new trial on account of newly discovered testimony used diligence to discover and produce the evidence at the trial, a new trial will not be granted on the ground of newly discovered testimony.

5. *Same; Cumulative Evidence.*—A party is not entitled to a new trial on account of newly discovered testimony which is merely cumulative in its character.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Newton Loan & Banking Company against J. H. Reeves, brought on a lost note. Judgment for defendant and plaintiff appeals. Affirmed.

H. L. MARTIN, for appellant. Counsel discuss assignments of error relative to evidence, but without citation of authority in support thereof. He insists that the motion for new trial should have been granted.—*Teague v. Bass*, 131 Ala. 422.; 140 Ala. 312; 143 Ala. 162; 160 Ala. 287.

BENJAMIN F. REID, for appellee. Counsel discuss assignments of error relative to the evidence, but without citation of authority. He insists that the court properly declined to grant motion for a new trial on any of the grounds alleged as reasons therefor.—*B. R. L. & P. Co. v. Willis*, 143 Ala. 220; *So. Ry. Co. v. Burgess*, 143 Ala. 365; *McLendon v. McKissack*, 143 Ala. 189.

WALKER, P. J.—To the complaint counting on a lost note alleged to have been executed by the defendant, he interposed a plea of non est factum. In the trial it was not controverted by the defendant that a note bearing date, for the amount, and payable as alleged in the complaint, was executed. His contention was that the note was not his individual obligation, but was signed by the Houston Brick Company, a corporation. It

was also an undisputed fact that the note was given in payment for wood sold and delivered by the payee. The plaintiff introduced several witnesses, whose testimony tended to show that the note was signed by the defendant in his individual capacity. The defendant's testimony supported his contention.

Over objections interposed by the plaintiff, the defendant was permitted to introduce evidence as to the location of the place of business of the Houston Brick Company, that the defendant was the president and manager of that company, and in charge of its business, and that he bought the wood for that company. On such an isssue as that presented in the trial, it does not seem to the court that the admission of that evidence was error. It had a tendency to show the existence of a motive on the part of the Houston Brick Company to make the note in question in consideration of a debt owing by it, and the absence of a motive on the part of the defendant to give his individual note for a debt for which he was not personally liable. It cannot be said that the evidence admitted was without a tendency in a reasonable degree to establish the probability of the defendant's version of the matter being the correct one. If it had such tendency, it was legally relevant.—*Hill v. State*, 146 Ala. 51, 55, 41 South. 621; 1 Elliott on Evidence, § 156; Jones on Evidence, § 138. When the question is as to whether the note sued on was made by the defendant or by another person or corporation shown by some of the evidence in the case to have been its maker, evidence that the debt thereby secured was the debt of the one, and not of the other, is not to be rejected as entitled to no consideration in the determination of the question as to which of the conflicting versions of the matter was probably the true one.

The issue in the trial being whether the note sued on was the obligation of the defendant or of the Houston Brick Company, the plaintiff could not have been prejudiced by the written charges given at the instance of the defendant.

It is a familiar rule in this state that the action of a trial court in overruling a motion for a new trial, on the ground that the verdict of the jury was contrary to the evidence, will not be disturbed on appeal, unless the preponderance of the evidence was so decidedly against the verdict as to convince the appellate court that it was wrong and unjust.—*Southern Railway Co. v. Burgess,* 143 Ala. 364, 4 South. 35. In the case at bar, this court is not prepared to affirm that there was such a preponderance of evidence in favor of the losing party.

The weight of the testimony does not necessarily depend on the number of witnesses on the one side or the other. There may be such infirmities in the testimony of several witnesses, apparent to one who saw and heard them testify, but not disclosed by a record made up for a revising court, that the trial court may be fully justified in the conclusion that the verdict was the result of a fair weighing of the evidence by the jury, though it was supported by the testimony of only one witness, while the testimony of several other witnesses had a contrary tendency.

As to the newly discovered evidence referred to in the motion for a new trial, it is enough to say that the plaintiff did not show that, before the trial, he was diligent to discover and produce that evidence; and, besides, that evidence was merely cumulative in its tendency to support the contention of the plaintiff in the trial.

Affirmed.