(79 South. 45)

FRIES v. ACME WHITE LEAD & COLOR WORKS. (6 Div. 739.)

(Supreme Court of Alabama. April 18, 1918.)

1. NEW TRIAL ⊚⊐101 — NEWLY DISCOVERED EVIDENCE.

Evidence, to be newly discovered, must have been discovered since the original trial; it being the duty of the party at interest, if the evidence was not discovered until after the case was called for trial or during the trial, to take proper steps to postpone the trial to procure the evidence so lately discovered.

2. NEW TRIAL ⊚⊐125—NEWLY DISCOVERED EVIDENCE.

A motion for a new trial on the ground of newly discovered evidence must negative fault on the part of the movent in failing to discover before trial the evidence on which the motion is based.

3. NEW TRIAL ⊚⊐108(1)—NEWLY DISCOVERED EVIDENCE.

The newly discovered evidence must be such as to render a different result probable on the retrial of the case.

4. NEW TRIAL ⊚⊐103, 105 — NEWLY DISCOVERED EVIDENCE—IMPEACHING EVIDENCE.

The newly discovered evidence must be material and competent on the retrial of the issues presented on the original trial, and must not be merely evidence impeaching the former evidence.

·5. NEW TRIAL ☞104(1)—NEWLY DISCOVERED EVIDENCE—"CUMULATIVE EVIDENCE."

The newly discovered evidence must be not merely cumulative, that is, of the same kind and to the same point (citing Words and Phrases, Cumulative Evidence).

6. NEW TRIAL ☞99—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where it is clear that since the trial, and not by reason of her belated diligence, but· by reason of accident, voluntary disclosure, or other fortuitous circumstances, after all due diligence has been exhausted before trial, the newly discovered evidence which is competent and material and would probably change the result came to defendant's knowledge, her motion for new ·trial should be granted.

7. HUSBAND AND WIFE ☞150—CONTRACTS OF HUSBAND—LIABILITY OF WIFE.

If material, by express contract, was delivered to the husband on his credit solely· and on a contract made by him alone, his wife was not bound by the contract, notwithstanding the material went into the improvement of her property.

8. HUSBAND AND WIFE ☞150—CONTRACTS OF HUSBAND—LIABILITY OF WIFE.

If by express contract credit was given solely to the husband, he alone is bound, although the wife knew that the building was in process of erection on her land and said nothing, or she and other members of the family afterwards occupied the building as a dwelling.

9. HUSBAND AND WIFE ☞235(2)—CONTRACTS WITH WIFE—QUESTION FOR JURY.

Evidence to the effect that paint was selected by and sold to defendant wife and charged to her made her liability therefor a jury question.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by the Acme White Lead & Color Works against Mrs. R. H. Fries. From the judgment or order overruling defendant's motion for new trial, she appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Reversed and remanded.

· Harsh, Harsh & Harsh, of Birmingham (Jones, Thomas & Field, of Montgomery, of counsel), for appellant. Ritter & Wynn, of Birmingham, for appellee.

THOMAS, J. Appellant rests her appeal on the failure of the court to grant her motion for a new trial on the ground of newly discovered evidence, and the failure to give at her request the affirmative charge.

The generally accepted rules, obtaining in many jurisdictions, as to the granting of a new trial on the ground of newly discovered evidence, are: (1) The newly discovered evidence must be such as could not, with reasonable diligence, have been discovered in time to be produced at the trial; (2) it must be such as to render probable a different result on the retrial of the case.

· To these requirements, and as corollaries thereto, the courts have added certain others: (a) That the newly discovered evidence must be material and competent to the issue of fact originally ·tried; (b) that it must be not merely impeaching evidence; (c) that it must not be merely cumulative.

[1] Regarding this first requirement, our court has declared that the evidence must have been discovered since the original trial (Baker v. Boon, 100 Ala. 622, 13 South. 481; Bayonne Knife Co. v. Umbenhauer, 107 Ala. 496, 499, 18 South. 175, 54 Am. St. Rep. 114; L. & N. R. R. Co. v. Church, 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29); that if it was not discovered until the case was called for trial, or during the trial thereof, the party at interest must have moved for a continuance, or have taken such legal steps to postpone the trial as the circumstances of the particular case required, to procure the evidence so lately discovered (Hoskins v. Hight, 95 Ala. 284, 11 South. 253; Southern Railway Co. v. Dickens, 149 Ala. 651, 43 South. 121; Geter v. Central Coal Co., 149 Ala. 578, 43 South. 367).

[2] It is required, therefore, that the motion for a new trial on the ground of newly discovered evidence must negative fault on the part of the movent in the failure to discover, before the trial, the evidence on which the motion is based. Lowery v. State, 98 Ala. 45, 13 South. 498; K. C., M. & B. R. R. Co. v. Phillips, 98 Ala. 159, 13 ·South. 65; Bayonne Knife Co. v. Umbenhauer, supra; McLeod v. Shelly Mfg. & Imp. Co., 108 Ala. 81, 19 South. 326; Simpson v. Golden, 114 Ala. 336, 21 South. 990; Jernigan v. Clark, 134 Ala. 313, 32 South. 686; L. & N. R. R. Co. v. Church, supra; Fitts & Son v. Bryan, 166 Ala. 133, 52 South. 333; Woodward Iron Co. v. Sheehan, 166 Ala. 429, 52 South. 24; L. & N. R. R. Co. v. Abernathy, 192 Ala. 629, 69 South. 57; Newton Loan & Banking Co. v. Reeves, 2 Ala. App. 411,·56 South. 255. In other words, it must ·aver and show that the failure to produce the evidence in question on the original trial was not due to any lack of proper diligence on the part of the movent. Girardino v. Birmingham Sou. R. R. Co., 179 Ala. 420, 60 South. 871; McLeod v. Shelly Mfg. & Imp. Co., supra.

[3] The requirement that the newly discovered evidence must be such as to render a different result probable on the retrial of the case was recognized by this court in Beadle v. Graham's Adm'r, 66 Ala. 102; Schlaff v. L. & N. R. R. Co., 100 Ala. 377, 14 ·South. 105; Cent. of Ga. Ry. Co. v. Geopp, 153 Ala. 108, 45 South. 65. See, also, 6 Mayfield's Digest, p. 673, § 37; Hayne on New Trial, § 89 et seq.; Oberlander v. Fixen, 129 Cal. 690, 62 Pac. 254; Vickers v. Phillips Cary Co., 49 Okl. 231, 151 Pac. 1023, L. R. A. 1916C, 1155.

[4, 5] Of the corollaries or requirements added by the courts generally to the two fundamental rules above stated, our court has declared: (a) The newly discovered evidence must be material and competent on the retrial of the issue presented on the orig-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

inal trial. Alabama Midland Ry. Co. v. Johnson, 123 Ala. 197, 26 South. 160; Girardino v. B. S. Ry. Co., supra; Beadle v. Graham's Adm'r, supra; McLeod v. Shelly Mfg. & Imp. Co., supra. (b) It must not be merely evidence impeaching the former evidence. 6 Mayf. Dig. 673, § 37; Graham's Waterman New Trials, p. 1021; 14 Ency. Pl. & Pr. p. 807. That is to say, new evidence which merely tends to discredit an adverse party or his witnesses will not avail as a ground for a new trial, "as such testimony may be discovered in almost every case, and there must be an end to litigation." Holt v. State, 47 Ark. 196, 1 S. W. 61; Klockenbaum v. Pierson, 22 Cal. 160; Christ v. People, 3 Colo. 394; Pace v. State, 63 Ga. 159; Tobin v. People, 101 Ill. 121; Humphreys v. State, 75 Ind. 469; Morrow v. Chicago, etc., R. Co., 61 Iowa, 487, 16 N. W. 572; Parker v. Bates, 29 Kan. 597; Clarke v. Rutledge, 2 A. K. Marsh. (Ky.) 381; State v. Chambers, 43 La. Ann. 1108, 10 South. 247; Bradbury v. Cony, 62 Me. 223, 16 Am. Rep. 449; Hammond v. Wadhams, 5 Mass. 353. See many other authorities collected in 14 Ency. Pl. & Pr. p. 807. And the new evidence must be not only of such character as to tend to impeach or discredit evidence that materially influenced the result, but sufficient to probably change the result should a new trial be granted. Fabrilius v. Cock, 3 Burr. 1771; Phillips v. State, 35 Tex. Cr. R. 480, 34 S. W. 272. (c) Furthermore, the newly discovered evidence must be not merely cumulative, that is, of the same kind and to the same point. Ala. Mid. R. Co. v. Johnson, supra; Smith v. B. R., L. & P. Co., 147 Ala. 702, 41 South. 307; Southern Hardware & Supp. Co. v. Block Bros., 163 Ala. 81, 50 South. 1036; Wilkinson v. Bottoms, 174 Ala. 122, 56 South. 948; Girardino v. B. S. R. Co., supra; McLeod v. Shelly Mfg. & Imp. Co., supra; Newton Loan & Banking Co. v. Reeves, 2 Ala. App. 411, 56 South. 255; A. M. Ry. Co. v. Johnson, supra; 6 Mayf. Dig. 673, § 37; L. R. A. 1916C, 1155 et seq.; 14 Ency. Pl. & Pr. 806 et seq.

Whether the "cumulative evidence" is additional evidence of the same kind and to the same point as that given on the original trial, or is distinct and independent evidence of a different character, tending to establish the same ground of claim or defense, was carefully considered in Layman v. Minneapolis St. Ry. Co., 66 Minn. 452, 69 N. W. 329; Vickers v. Phillips Cary Co., supra; Waller v. Graves, 20 Conn. 305; Gans v. Harmison, 44 Wis. 323; Andersen v. State, 43 Conn. 514, 21 Am. Rep. 669; Hart v. Brainerd, 68 Conn. 50, 35 Atl. 776; Parshall v. Klinck, 43 Barb. (N. Y.) 212; Doe v. Barbineau, 11 New Bruns. 89; Smith v. Smith, 119 Cal. 183, 48 Pac. 730, 51 Pac. 183; Nixon v. Christie, 84 Ga. 469, 10 S. E. 1087; Reardon v. Steep, 74 Ill. App. 162; Chapman v. Moore, 107 Ind. 223, 80 N. E. 80; Hinson v. Catoe, 10 S. C. 311; Conrad v. Conrad, 9 Phila.

(Pa.) 510; Quigley v. Birdseye, 11 Mont. 439, 28 Pac. 741; Bullard v. Bullard, 112 Iowa, 423, 84 N. W. 513; Cole v. Cole, 50 How. Prac. (N. Y.) 59, 61; L. R. A. 1916C, 1162, etc.; 2 Words & Phrases, page 1783; Chamberlayne Ev. § 549.; 8 Am. & Eng. Ency. of Law, 462; 29 Cyc. 907. These general rules governing the granting of new trials obtain in many jurisdictions, and many of the authorities thereon are collected in Vickers v. Phillips Cary Co., supra, 49 Okl. 231, 151 Pac. 1023, L. R. A. 1916C, 1155. A number of these authorities are rested on the early statement (1851) of these rules announced by Mr. Justice Lumpkin in Berry v. State, 10 Ga. 511, 527.

[6] When movent's application for a new trial is tried by the foregoing test, it is shown to have been sufficient, and it should have impressed the trial court with the necessity for granting a new trial on the ground of newly discovered evidence. It is clear that since the trial, and not by reason of her belated diligence, but by reason of "accident, voluntary disclosures, or other fortuitous circumstances, after all diligence on her part had been exhausted before the trial," such evidence came to her knowledge or to that of her husband, who was assisting in the defense of her suit. K. C., M. & B. R. R. Co. v. Phillips, supra (98 Ala. 170, 13 South. 65); Woodward v. Sheehan, supra. The very nature of plaintiff's evidence, brought out on the trial by a question propounded to plaintiff's manager, Heins, by a juror, shows that it could not have been apprehended or sooner produced by defendant. Of this evidence the bill of exceptions recites that Mr. Heins, the manager of plaintiff's Birmingham branch, as a witness for plaintiff, testified that he spoke to Mrs. Fries over the phone about the account, and that she refused to pay any part of it, referring plaintiff's agent to her husband, and that thereupon a juror, Ed Warren, interrupted the witness by asking "Did you instruct your clerks not to credit Mr. Fries?" and that the reply was, "Yes." Neither could defendant have apprehended that said witness for plaintiff (Heins) would testify to a private business custom, enforced in the keeping of plaintiff's books in said business, to use or write on the ledger one number for all the members of the same family buying on credit from the plaintiff, and for this reason the account marked A–319 on plaintiff's ledger, made out in the name of Richard H. Fries, was made out by plaintiff's former bookkeeper, Mr. Griswold, in the handwriting of said bookkeeper on the left-hand side of said ledger, being the name of Mrs. R. H. Fries; and that he would on cross-examination testify that he did not know in whose handwriting this account was made out to Mrs. Fries.

It was competent and material testimony, presented to the court in support of the motion for a new trial as newly discovered evi-

dence, that Wm. H. Harris, a salesman of plaintiff's knew of no such denial of credit to Fries by plaintiff's manager, and that Mr. Griswold, as bookkeeper of the plaintiff, made the ledger entry, A–319, referred to by the witness, and that said Griswold would swear that he did not write the name of Mrs. R. H. Fries on said ledger as it appears on the margin thereof, and did not know when it was so written. It was further competent to show that said bookkeeper did not know of the private business custom testified to by witness Heins as obtaining in the keeping of the plaintiff's books of the Birmingham branch; that no such custom did obtain or was followed by him as such bookkeeper, but that he opened an account on plaintiff's books in the name of any person purchasing on credit, with an appropriate number on the ledger, and that he continued such account in such name and number as to all subsequent purchases made by such person; and that where members of the same family became purchasers they had different accounts and numbers, just as other purchasers buying on credit in said business, the name of each such purchaser being placed at the top of the page of his account on plaintiff's ledger. While the motion for a new trial was not, by its terms, rested on the affidavit of the former bookkeeper, Griswold, but was on that of Wm. H. Harris as to the denial of credit vel non to Fries, yet the motion was supported by Griswold's affidavit, and submission was had on the motion supported by the several affidavits of R. H. Fries, Wm. H. Harris, and E. P. Griswold and the exhibits thereto.

The motion for a new trial was overruled by the trial court, and this appeal was taken from the judgment or order overruling the motion. When the newly discovered evidence thus presented in support of the motion is considered in connection with plaintiff's testimony as to its private business custom as to credit and with the account exhibited on the leaf of its loose leaf ledger, the original of which was duly certified to this court, we are impressed with the necessity of resubmission of the full facts to another jury for trial. There was no objection to the introduction in evidence under section 4003 of the Code, of the original leaf containing the Fries account from plaintiff's loose leaf ledger. Shepherd v. Butcher Tool & Hardware Co., 198 Ala. 275, 73 South. 498.

[7] The testimony to the fact that the goods were delivered at the premises of Mrs. Fries and were used in the improvement of her property was of evidential value as tending to aid the jury in determining to whom credit was given. If the material, by express contract, was delivered to R. H. Fries, and on his credit solely, and upon a contract made with him alone, his wife was not bound by the contract notwithstanding the material

went into the improvement of her property. "The contract [to bind the wife] must be either originally that of the wife, through herself, or her authorized agent, or else the husband, or other agent, must assume to contract for her and in her own behalf, and such contract be subsequently ratified by her, with full notice or knowledge of its nature. In the absence of a contract [express or implied] of this character, no lien will attach to her property." Wadsworth v. Hodge, 88 Ala. 500, 506, 7 South. 194, 196.

[8] If there was no such contract in this case, no liability was assumed by appellant, and none attached, for which she may be subjected in this suit; for if by express contract credit was given solely to the husband he alone is bound, although it may appear that the wife knew that the building or improvements were in process of erection on her land, and said nothing, or that she and other members of the family afterwards occupied the building as a dwelling. Wadsworth v. Hodge, supra; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 South. 140; Richardson v. Stephens, 114 Ala. 238, 21 South. 949; Hawkins Lumber Co. v. Brown, 100 Ala. 217, 14 South. 110.

[9] The evidence contained in the completed record, and especially as detailed by the witness Hall, to the effect that the paint was selected by and sold to defendant and charged to her, made a jury question. Amerson v. Corona Coal & Iron Co., 194 Ala. 175, 69 South. 601.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.