179 So. 389

## BLACKMAN et al. v. STATE.

### 4 Div. 312.

Court of Appeals of Alabama.
Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

A. A. Carmichael, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

J. E. Acker, of Ozark, and Speight & Tiller, of Dothan, for appellants.

RICE, Judge.

We recognize our duty under Code 1923, § 3258. And we have endeavored to perform it.

But appellants are represented by competent counsel, who have filed here an excellent brief on their behalf. So we feel that we are justified in confining the remarks we shall make to the matters treated in said brief.

The first count of the indictment under which appellants were tried charges them with "buying, receiving, concealing, or aiding in concealing eleven pigs of the value of $35.00, the personal property of Cora Brunson, knowing that it was stolen, and not having the intent to restore it to the owner." The verdict returned was: "We

the jury find the defendants guilty in *county* 1."

Upon this verdict the court entered a judgment against the appellants, adjudging them "guilty on count 1, as charged in the indictment," and sentenced them to imprisonment in the penitentiary for an indeterminate period of not less than twenty-four nor more than thirty months—a punishment prescribed for the offense of grand larceny.

We take it that the word "county" found in the jury's verdict constitutes a self-correcting typographical error—meant, clearly, for the word "count." We so hold.

And the fact that two of the animals involved were described in the testimony as "sows" rather than as "pigs" we consider of no vitiating importance. A "sow" may none the less be a "pig"; and a "pig," doubtless, is often a "sow." Or, at least, so we hold.

Appellants' astute counsel advance the proposition that while—to quote them—"obviously a 'pig' is a 'hog' (Lavender v. State, 60 Ala. 60), it does not follow that a 'sow' is a 'pig'." But we have announced our view.

It is conceded that it was shown without dispute that a number of "pigs" were stolen from (Mrs.) Cora Brunson. Her testimony was that they were worth $35, or more.

Whether or not appellants bought, received, concealed, or aided in concealing this stolen property—in the language of the first count of the indictment—was, as we read the testimony, a question for the jury to decide. Its verdict seems to us definite, and warranted by the evidence. There was no error in refusing to give to the jury at appellants' request the general affirmative charge to find in their favor.

Since, as we have said, the verdict returned was "warranted by the evidence," there was no error in overruling appellants motion to set same aside as being "opposed to the great weight of the evidence."

So far as the ground(s) of appellants' motion for a new trial resting upon "newly discovered evidence" is, or are, concerned, we have only to remark that said newly discovered evidence does not meet the requirements specifically set out by our Supreme Court in the opinion in Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45, for the granting of a new trial thereon or therefor.

It results that we find no ruling apparent, anywhere, prejudicially erroneous. And the judgments are affirmed.

Affirmed.