199 So. 484

## DANLEY v. STATE.

### 4 Div. 167.

Supreme Court of Alabama.

Dec. 19, 1940.

J. A. Carnley, Jr., of Elba, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

THOMAS, Justice.

The appeal is from a conviction and sentence of twenty-five years in the penitentiary of the State of Alabama for robbery.

There are no questions presented as to the sufficiency of the record and, it being examined, no error is found.

There was a motion to set aside the verdict of the jury, and as grounds therefor, it

was assigned that the evidence did not support the verdict of guilty and the fixing of the punishment at twenty-five years in the penitentiary; that there were no circumstances brought out in the case aggravating the crime so that the jury should have fixed the punishment at twenty-five years; that there was no evidence in the case of excessive force or violence used by defendant, or that defendant used any weapon in perpetration of the crime, and that there was no evidence in the case that defendant was a man of bad or violent character.

There was also a motion for a new trial containing the following grounds, towit:

"That since the trial the defendant has newly discovered the evidence of Bill McCart, who was present at the time defendant is purported to have committed the crime involved herein, and who will testify that defendant did not commit the crime, to his knowledge, as shown by affidavit attached hereto; that said evidence could not have been obtained with due diligence before the trial, due to the fact that defendant was in jail and was not aware of said testimony.

"That the Solicitor for the State, Mr. Huey, during his argument to the jury, made the following remark, which was highly prejudicial to defendant and which tended to convey to the minds of the jurors that defendant had a bad reputation: (as to why Roy Cook did not report the robbery to the officers) 'Roy Cook was afraid if he came over here and did it he would get his neck cut from his shoulders and that is why he did not come here and report it.'

"That there was no evidence to support said statement; that defendant's counsel objected to said remark and the Court overruled his objection."

The record also shows the affidavit, referred to in said motion for new trial, which is to the effect that Bill McCart was present at Spurgeon Grime's Store the night that it is said that Hutch Danley robbed Roy Cook. The affidavit further states: "I went to the store with Hutch and was with him all the time he was there. I never saw him take anything from Roy Cook. I was present and would have seen it had it occurred, and I did not see Hutch bother Roy Cook. Roy Cook told us that he had lost some money and we helped him hunt it there that night. I did not inform Mr. Danley, Hutch's father, that I was present until after the trial, and did not tell Hutch's lawyer until after Hutch was convicted."

The trial court, after hearing the motion for a new trial, took the same for consideration and "ordered, adjudged and decreed that said motion be and is overruled."

Defendant excepted to the judgment of the court overruling said motion.

The rules that obtain as to the granting of a new trial for newly discovered testimony are well understood, and need not be repeated here. Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45.

In the absence of a bill of exceptions, under the rules that obtain in this jurisdiction as to the granting of a new trial, nothing is presented for review. The evidence offered in support of the motion may have been merely cumulative. The remark of the solicitor, embraced in the motion, may have been supported by the evidence, or induced by the argument of defendant's counsel. Hence the necessity for a bill of exceptions to elucidate the rulings of the trial court and to show error, if the same was committed on the trial, or on the hearing of the motion.

It results that the judgment of the circuit court should be and the same is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and KNIGHT, JJ., concur.