# Montgomery Traction Co. *v*. Whatley.

*Damage for Personal Injury to Passenger From Violence by Another Passenger.*

(Decided July 2, 1907.   44 South. 638.)

1. *Carriers; Passengers; Duty to With Reference to Other Passengers.*—So far as it can by the exercise of a high degree of care, a carrier owes its passengers the duty of protecting them from violence and insult from other passengers, and is liable for its own or its servants negligence in this respect, when by the exercise of proper care, such violence might have been foreseen and prevented.

2. *Same; Negligence.*—A conductor of a street car was negligent towards the other passengers, if knowing the condition of a passenger weighing 225 pounds, who was intoxicated and unable to stand, he permitting him to walk up and down the aisle while the car was in motion.

3. *Same; Jury Question.*—Whether or not the conductor, exercising the care required by law could have seen or foreseen that the

[Montgomery Traction Co. v. Whatley.]

intoxicated passenger might do injury to some other passenger, under evidence in this case, was a question for the jury.

4. *Same; Liability· of Carrier; Duty of Servant.*—When necessary to protect other passengers against insult and violence a street car conductor may eject a drunken and disorderly passenger, and if the injury to another passenger could have been avoided by requiring the drunken passenger to be and remain seated, the carrier cannot escape liability for the injury, on account of the servants failure to perform that duty.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Mary Whatley sues the Montgomery Traction Company to recover damages for injuries and insult inflicted upon her by another passenger on defendant's car. There was judgment for plaintiff, and defendant appeals. Affirmed.

RUSHTON & COLEMAN, for appellant.—The liability of the carrier in such a case as this depends on a failure to use care after the danger is reasonably apparent.—*Met. W. S. E. R. R. Co. v. Kersey,* 80 Ill. App. 301; *Springfield C. R. R. Co. v. Flynn,* 55 Ill App 600; *Atchison R. R. Co. v. Gants,* 17 Pac. 54; *Sira v. Wabash,* 21 S. W. 905; *Thompson v. Manhattan R. R. Co.,* 75 Hun. 584; *Kennedy v. L. & N. R. R. Co.,* 99 Ky. 59. In order to hold the carrier liable the injury done the passenger by a fellow passenger must have been of such a character and perpetrated under such circumstances as that it might reasonably have been anticipated or naturally expected to occur.—*Batton v. S. & N. Ala. R. R. Co.,* 77 Ala. 591; *Putnam v. Broadway R. R. Co.,* 14 Am. Rep. 100; *P. & C. Ry. Co. v. Hines,* 53 Pa. St. 512; *N. O. R. R. Co. v. Burke,* 53 Miss. 200; *Graeff v. P. & R. R. R. Co.,* 23 L. R. A. 606; 47 L. R. A. 120; 32 L. R. A. 167; 31 L. R. A. 551; 38 L. R. A. 427. To hold a carrier liable for injury to one passenger caused by another, it must be made to appear that the conduct of the particular

[Montgomery Traction Co. v. Whatley.]

passenger causing the injury complained of was such as to have made it the duty of the carrier or its employe to eject or exclude such passenger.—*L. & N. R. R. Co. v. McEwen*, 31 S. W. 265; Nellis Ry. Acci. Law, p. 152.

THOMAS W. MARTIN, and HILL, HILL & WHITING, for appellee.—Counsel discuss the authorities cited in appellant's brief and show their applicability to the facts in this case, relying upon them for an affirmance.

TYSON, C. J.—Action by plaintiff to recover damages for personal injuries received, while a passenger upon one of defendant's cars, by the falling of an intoxicated passenger upon or against her. There seems to be no dispute as to the principles of law which control the decision of this case, but the controversy arises over their applicability to the peculiar facts as deduced from the testimony. The evidence tends to show that the offending passenger was intoxicated and boisterous, and that just prior to his fall which occasioned the injury to plaintiff's limb he had fallen upon the floor of the car. It also tends to show that there was a vacant seat which he could have occupied, and that the conductor in charge of the car knew of his intoxicated condition, his boisterousness, and of his having fallen, previous to his fall against the plaintiff. Both falls, it appears, were while the car was in motion. A carrier of passengers owes to the passenger the duty of protecting him from violence and insults of other passengers, so far as this can be done by the exercise of a high degree of care; and such carrier will be held responsible for its own or its servants' neglect in this particular, when by the exercise of proper care the acts of violence might have been foreseen and prevented.—*Batton v. S. & N. A. R. R. Co.*, 77 Ala. 591, 592, 54 Am. Rep. 80, and other cases cited in appellant's brief.

The first point insisted upon is that as matter of law the conductor could not by the exercise of proper care have foreseen the act of violence done the plaintiff by the falling of the intoxicated passenger and have prevented it. If the offending passenger, who is shown to have been a large man, weighing some 225 pounds, was unable to stand on account of his intoxicated condition, as the testimony tended to show and authorized the jury to so find, and his condition was known to the conductor, which the jury was also authorized to find, the conduct of that officer in permitting him to attempt to walk up and down the aisle of the car while it was in motion, instead of requiring him to be seated, or, in the event of his refusal, ejecting him from the car, was clearly an act of negligence in the discharge of the duty which he owned to the other passengers. With a knowledge of the drunken condition of the disorderly passenger, of his inability to stand, and of other circumstances shown, it was clearly a question for the determination of the jury whether the conductor, in the exercise of that degree of care exacted of him by law, ought to have foreseen that he might do injury to some passenger upon the car. It therefore cannot be affirmed as matter of law, under all the circumstances, that the conductor may not have reasonably anticipated the occurrence producing the injury complained of, which he could have prevented by the proper exercise of the police power committed to him.

The next point insisted upon asserts the proposition that, in order to hold the defendant liable, it must appear that the conduct of the passenger causing the injury complained of was such as to have made it the duty of the conductor to eject or exclude him from the car before the injury occurred. This seems to be the principle embodied in the two special instructions, numbered

[Birmingham Ry. L. & P. Co. v. Taylor.]

3 and 5, requested of and refused by the trial court. It is undoubtedly the law that the servant of a carrier has the right to eject a drunken and disorderly passenger, when necessary to protect other passengers against his insults or violence; but if, under the testimony, the jury are authorized to find (as in this case) that the injury could have been avoided by requiring the drunken passenger to be and remain seated, the carrier cannot avoid liability by the failure of its servant to perform that duty.

There is no error shown by the record, and the judgment must be affirmed.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.