# Louisville & Nashville R. R. Co. v. Church.

### Damages for Injury to Passenger.

(Decided April 16, 1908.  46 South. 457.)

1. *Negligence; Pleading; Sufficiency.*—The gravamen of the action being the non-feasance or misfeasance of another, a complaint averring the facts out of which the duty to act sprung, and that defendant negligently failed to perform such duties, is, as a general rule, sufficient, and it is not necessary to specify the particular act of diligence which defendant should have employed in the performance of such duties.

2. *Carriers; Injury to Passenger; Complaint.*—A complaint alleging that while complainant was a passenger and was being carried by defendant as such on a train of cars, her hand was caught in the car between a table, or other hard substance, and the wall of the car,

and was injured, and that the injuries were the proximate result of the negligence of defendant in and about carrying plaintiff as a passenger, sufficiently charges the negligence of defendant.

3. *Same; Liability of Carrier; Injury in Sleeping Car.*—Where the sleeping car was a part of defendant's train, defendant cannot escape liability for injuries inflicted on a passenger on the ground that such injuries were sustained in a sleeping car owned by another company, although such company furnished its own agent, and the passenger paid an additional fare to the sleeping car company for the privilege of riding therein.

4. *Same; Negligence of Porter on Sleeping Car.*—A railroad company is liable for any neglect of duty of a porter of a sleeping car which is a part of its train, for injuries negligently done a passenger while in the car, such passenger having a ticket for transportation and a Pullman ticket.

5. *Same; Presumption.*—Where a porter is employed by the Pullman Car Company and is assigned by such Company to the control of the interior of the sleeping car in which a passenger is riding, the law will presume that the porter exercised such control with the assent of the railroad in whose train the sleeping car is.

6. *Same; Instructions.*—In the absence of evidence to show that the porter of a sleeping car was not the servant of the railroad company, and where he might have been the servant of the railroad company, or employed and controlled jointly by it and the Pullman Car Company, a charge asserting that the jury could not find that the railroad company's agents were guilty of any negligence proximately causing the injury, was properly refused.

7. *Same; Misleading Instructions.*—A charge asserting that if the jury believed that the table fell because of an unforeseen accident, and one that could not have been anticipated by reasonable care and foresight on the part of the railroad company or the Pullman Company, the jury must find for the railroad company, is calculated to mislead the jury to believe that they could not find for the plaintiff unless the accident was foreseen or anticipated by the railroad company or the Pullman Company, regardless of the acts or omissions of their servant.

8. *Same; Instructions; Degree of Care Required.*—A railroad company owes to its passengers the duty to exercise the highest degree of care, skill, and diligence known to skillful and diligent persons in that business.

9. *New Trial; Grounds; Newly Discovered Evidence; Diligence.*—Where plaintiff gave the name of the physician who treated her. in her answers to interrogatories propounded before the trial and also in her testimony at the trial, and it appeared that the physician could have been located by defendant before the trial and defendant made no request to delay the trial for such a reasonable time to procure the physician's attendance as a witness, the trial court properly denied a motion for a new trial based on the grounds of newly discovered evidence consisting of the testimony of such physician.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

[Louisville & Nashville Railroad Co. v. Church.]

Action by Ann D. Church against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 of the complaint is as follows: "Plaintiff claims of defendant $1,999, for that theretofore, to wit, on the 21st day of February, defendant was a common carrier of passengers by means of a train on a railroad, that on said day, while plaintiff was defendant's passenger and being carried by defendant as such upon said train, and while said train was at a point on said railway in or near Mobile, Ala., plaintiff's hand was caught in the car on said train between a table or other hard article on said train and the wall or partition of said car, and as a proximate consequence thereof plaintiff's hand was bruised, mashed, and otherwise injured, the nerves and blood vessels thereof were lacerated, bruised, and injured, and said hand was caused to swell very much, and that the bones thereof were broken, etc., and plaintiff was rendered permanently less able to work and earn money, and was put to great trouble, inconvenience, etc., and expense for medicine, medical attention, etc., in and about her efforts to heal and cure her said wounds and injuries; and plaintiff alleges that her hand was caught as aforesaid, and she suffered said injuries and damages, by reason and as a proximate consequence of the negligence of defendant in or about carrying plaintiff as its passenger as aforesaid." The demurrer was that the complaint does not sufficiently set out in what the negligence of the defendant consisted. The evidence tended to show that plaintiff was a passenger, with ticket for transportation and also a Pullman ticket, and that her injuries were received in a Pullman car, by a table which was being handled by a porter of the car falling upon her hand and pinning it to the wall.

The assignments of error numbered in the opinion are as follows: "(2) The court erred in refusing the first charge requested by the appellant, which charge is as follows: 'The defendant, the Louisville & Nashville Railroad Company, is not responsible in this action for the negligent act of the Pullman Company's porter, if the jury believe from the evidence that the Pullman Company's porter was negligent.'" Assignment of error 3 is the failure to give the following charge: "If the jury believe from the evidence that plaintiff was a passenger on the Pullman Company's car at the time of her injury, then the jury must find for the defendant, the Louisville & Nashville Railroad Company." (8) Refusal to give the general affirmative charge. (9) Refusal to give the following: "If the jury believe the evidence they must find for the defendant, the Louisville & Nashville Railroad Company, unless they believe from the evidence that plaintiff's injuries were caused by the negligence of defendant, the Louisville & Nashville Railroad Company in causing its train to lurch or jar." (10) Refusal to give the following charge: "If the jury believe from the evidence that the injuries to plaintiff's hand were caused by the negligence of the Pullman's porter, without any negligence on the part of defendant or its servants, except that of the porter of the Pullman Company, the jury must find for the defendant." (11) The refusal to give the following charge: "If the jury believe from the evidence that the sole proximate cause of plaintiff's injuries was the negligence of an employe of the Pullman Company, the jury must find for defendant." (12) The following portion of the oral charge of the court: "For the acts of the porter of the Pullman car, operated by the railroad company as part of its train and upon its tracks, the railroad company is responsible as for the acts of the servants of the railroad company."

[Louisville & Nashville Railroad Co. v. Church.]

The following charges were also refused to the defendant: "(4) The jury are not authorized to find on the evidence that defendant the Louisville & Nashville Railroad Company's agents or servants were guilty of any negligence which was the proximate cause of plaintiff's injuries. (5) The jury are not authorized to find from the evidence that defendant the Louisville & Nashville Railroad Company is responsible for the injury to plaintiff, unless the jury also believe from the evidence that the employe of the Pullman Company was guilty of negligence which proximately caused plaintiff's injury. (6) If the jury believe from the evidence that the table fell because of an unforeseen accident, and one that could not have been anticipated by reasonable care and foresight on the part of defendant or the Pullman Company, the jury must find for defendant."

Charge 6, given at the request of plaintiff, is as follows: "The railroad company owes to its passengers the duty to exercise the highest degree of care, skill, and diligence known to very careful, skillful, and diligent persons in like business."

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The porter of the Pullman Car is not the servant of defendant for whose acts defendant was responsible to the plaintiff.—*Penn. R. R. Co. v. Roy,* 102 U. S.; *Rinsley v. L. S. R. R. Co.* 125 Mass. 66; *Pullman Co. Norton,* 91 S. W. 841; *R. R. Co. v. Katzenberger,* 16 Lea 380. The court erred in giving charge 6 requested by the plaintiff.—*G. & A. U. Ry. Co. v. Cansler,* 97 Ala. 235. Counsel discuss other assignments of error but without citation of authority.

BOWMAN, HARSH & BEDDOW, for appellee. The counts of the complaint were sufficient.—*Southern Ry.*

*Co. v. Burgess,* 143 Ala. 364; *Armstrong v. Montgomery St. Ry.* 123 Ala. 244; *L. & N. R. R. Co. v. Marbury,* 125 Ala. 237. The porter of the Pullman Car was such a servant of the defendant as to render it liable for his negligence.—*Penn. Ry. Co. Roy,* 102 U. S. 141; *L. & N. v. Ray,* 101 Tenn. 1. The charges requested by the defendant were either faulty or misleading.—*Southern Ry. Co. v. Burgess, supra; M. & E. R. R. Co. v. Mallette,* 92 Ala. 209. The court did not err in refusing to grant a new trial.—*Bayonne Mfg. Co. v. Umbenhauer,* 107 Ala. 496; *K. C. M. & B. R. R. Co. v. Phillips,* 98 Ala. 159. The charge given for plaintiff is correct.—*Southern Ry. Co. v. Burgess, supra.*

ANDERSON, J.—"When the gravamen of the action is the alleged nonfeasance or misfeasance of another, as a general rule it is sufficient if the complaint aver the facts out of which the duty to act springs and which the defendant negligently failed to do and perform. It is not necessary to define the quo modo, or to specify the particular acts of diligence he should have employed in the performance of such duty."—*Southern R. R. v. Burgess,* 143 Ala. 367, 42 South. 36, and cases there cited. The complaint, in the case at bar, was not subject to the demurrer interposed and which was properly overruled by the trial court.

A railroad company cannot escape liability for injuries inflicted upon a passenger upon the ground that they were sustained in a sleeping car owned by another company and which furnished its own agents and servants, notwithstanding the passenger paid an additional fare to the sleeping car company for the privilege of riding in one of its cars, when it appears that said sleeping car was a part of the railroad company's train. The railroad company undertook to safely transport the plain-

[Louisville & Nashville Railroad Co. v. Church.]

tiff, and it was its duty to furnish safe cars and polite attention and careful servants, and it was liable for any neglect of duty whereby the plaintiff was injured, whether in a car owned and controlled by the sleeping car company or not.—*Penn. Co. v. Roy,* 102 U. S. 451, 26 L. Ed. 141; *Railroad v. Ray,* 101 Tenn. 1, 46 S. W. 554; *Kinsley v. Lake Shore R. R.,* 125 Mass. 54, 28 Am. Rep. 200; *Pullman Co. v. Norton* (Tex. Civ. App.) 91 S. W. 841. This last case was by the Texas court of Civil Appeals, wherein a writ of error was denied by the Supreme Court. The court held that under a contract between the railroad company and the sleeping car company, and as between said parties, the sleeping car company was liable for injuries sustained by the plaintiff when passing from one sleeper to another, but also held that as to the plaintiff's right both companies were answerable. There is no merit in assignments of error 2, 3, 8, 9, 10, 11, and 12.

Charges 4 and 5, requested by the defendant, were properly refused. If not otherwise bad, they ignore or pretermit all evidence or inferences that the porter was the servant of the railroad company. The law will presume that the porter, if employed and assigned by the Pullman Company to the control of the interior of the sleeping car in which the plaintiff was riding when injured, exercised such control with the assent of the railroad company. Moreover, there is nothing in the record to show that the porter was not the servant of the railroad. He was a porter on the Pullman, it is true; but he may have been the servant of the railroad, or employed and controlled jointly by both companies.

Charge 6, requested by the defendant, was properly refused. If not otherwise bad, it was calculated to mislead the jury to believe that they could not find for the plaintiff unless the accident was foreseen or anticipated

by the defendant or the Pullman Company—that there must have been corporate negligence, regardless of the acts or omissions of the servants.

The trial court did not err in giving charge 6, requested by the plaintiff, and did not, therefore, err in refusing a new trial for the giving of same.—*Southern R. R. v. Burgess,* 143 Ala. 368, 42 South. 35.

We are not disposed to put the trial court in error for refusing the new trial. The jury evidently believed the plaintiff's evidence, which was corroborated as to the extent of her injury, and inspected her hand, which was exhibited to them, and the damage was not excessive, if the injuries were as serious as the plaintiff's evidence tended to show. Nor was proper diligence shown by the defendant to get the testimony of Dr. Worcester, who resided in Birmingham. The affidavit of counsel shows that plaintiff, in answer to interrogatories propounded to her long before the trial, gave the name of this identical witness as one of the physicians who treated her. If she did not state that he lived in Birmingham, it was doubtless due to the fact that she was not asked. At any rate, the defendant was informed that such a man treated her, and could have located him before the trial. But, conceding that defendant knew nothing of this witness until plaintiff testified in the case, the court would have doubtless delayed the trial, upon request of the defendant, such a reasonable time as would have enabled the procurement of the witness. In the absence of such a request and refusal, the defendant is in no position to put the trial court in error for refusing its motion because of newly discovered evidence.

The judgment of the city court is affirmed.

Tyson, C. J., and Dowdell and McClellan, JJ., concur.