# Birmingham Railway, L. & P. Co. *v.* Garrett.

### Injury to Passenger.

(Decided January 18, 1917. Rehearing denied February 1, 1917.
73 South. 818.)

Carriers; Passengers; Complaint.—A count for injury to the passenger which omits the use of the word negligent or negligence and does not attempt to state any facts to show negligence on the part of the carrier is not sufficient as an ex delicto count.

APPEAL from Birmingham City Court.
Heard before Hon. C. W. FERGUSON.
Action by William Garrett against the Birmingham Railway, Light & Power Company, for injuries received while a passenger. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Act April 18, 1911. Reversed and remanded on rehearing.
Count 1 is as follows:
Plaintiff claims of defendant * * * the sum of * * * damages, for that, to-wit, * * * plaintiff, while a passenger on defendant's railway on Third avenue in the city of Birmingham, was injured as follows: * * * Plaintiff avers that such injuries were proximately caused by defendant in and about the carriage of plaintiff as a passenger of defendant.

TILLMAN, BRADLEY & MORROW and E. L. ALL, for appellant.
HUGO BLACK and DAVID J. DAVIS, for appellee.

MAYFIELD, J.—This is an action by a passenger against a common carrier, to recover damages for personal injuries received while a passenger. The complaint was in the form often approved by this court in like cases; that is, the negligence was

alleged in very general terms, chiefly that defendant was guilty of negligence in and about the carrying of plaintiff as a passenger. A complaint against a carrier of passengers must allege a duty owing from the carrier to the passenger, or allege facts which show a duty and a breach of that duty and damages in consequence of the breach.—*Birmingham Ry., Light & Power Co. v. Anderson,* 3 Ala. App. 424, 57 South. 103.

The burden of allegation has generally been discharged by an allegation that the defendant negligently did or failed to do "thus and so." In *Louisville & N. R. Co. v. Jones,* 93 Ala. 376, 3 South. 902, which was a suit by a passenger, it was held sufficient to allege that the defendant so negligently and unskillfully conducted itself in carrying a passenger, and in conducting, managing, and directing the coach upon which plaintiff was a passenger. In 123 Ala. 233, 26 South. 349, it was held, in a case of the same character, that an averment that the defendant so negligently conducted the business of carrying passengers that by reason of such negligence plaintiff received injury sufficiently stated a cause of action. Not until the case of *Birmingham Railway Company v. Adams,* 146 Ala. 276, 40 South. 385, 119 Am. St. Rep. 27, was approval given to a complaint in this form, viz. (after allegation that plaintiff was injured while a passenger) : Plaintiff avers that said injury was proximately caused by the negligence of the defendant's servants in and about the carriage of the plaintiff as a passenger. Similar complaints have been sustained in *Louisville & N. R. Co. v. Church,* 155 Ala. 329, 46 South. 457, 130 Am. St. Rep. 29; *Birmingham Ry., Light & Power Co. v. Haggard,* 155 Ala. 343, 46 South. 519.

Counts charging simple negligence of a common carrier to the injury of a passenger on one of its cars, which allege that the defendant was a common carrier of passengers, that plaintiff was a passenger, and that it so negligently conducted itself in and about her carriage on such car that at a certain time and place plaintiff was thrown, or caused to fall therefrom, are sufficient. —*Birmingham Co. v. Fisher,* 173 Ala. 623, 55 South. 955.

Count 1 in this case corresponded to, if it did not follow the language, mutatis mutandis, of counts heretofore often approved by this court. Other counts alleged specific acts of negligence on the part of the defendant, or of its agents or servants within the line and scope of their authority, in the carrying of plaintiff as a passenger, and were therefore sufficient.

Whether there was reversible error in the court's explanation of the written charge given at the request of the defendant, as to the consideration to be given to the showing made and introduced as evidence as to an absent witness, we need not decide, because there was no sufficient exception to that part. The record shows that counsel intended to except, but the record fails to show that he did except. Appellant, however, did reserve the following exceptions to parts of the oral charge: "Defendant excepts to that part of the charge in which the court stated that an unusual jar or jerk is negligence.

"Defendant also excepts to the correction of that part of the charge in reference to unusual jerks and jars.

"Defendant excepts also to the charge in reference to the recovery for the trip to Hot Springs just in the words of the court.

"Defendant then stated: 'I want to except to the court's charge in reference to each element of damage. I want to except to each element of damages separately and severally, and I will take it in the words of the court.'

"The court stated to the jury: 'I have told the jury that there could be no recovery for the doctor's bills of $90 at Hot Springs, unless they are reasonably satisfied from the evidence that is on account of the sciatica, and that the sciatica was caused as a direct result of any fall he may have had from the car, providing that that was negligently caused.'

"Defendant then made the following statement: 'I except to that part in reference to a recovery for expenses on the trip to Hot Springs. I just want it in the words of the court; the record shows that.'"

That part of the oral charge as to jerks and jars, taken as a whole, is not ground for reversal. If infected with misleading tendencies, which parts of it, standing alone, may have been, these tendencies could have been cured by counter charges.

There was no error in the oral instructions as to the items of damages recoverable. While the legal effect of these instructions may have been to charge the jury that plaintiff was entitled to recover whatever amount he paid out as expenses or for doctor's bills, if these expenses were rendered necessary by the injury complained of, and the injury was due to the negligence of the defendant as alleged, yet there was neither error nor injury to the defendant, when the evidence showed without dis-

pute that the charges and expenses paid by plaintiff were reasonable, and less than the usual charges for like services.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## ON APPLICATION FOR REHEARING.

MAYFIELD, J.—We were in error in holding that count 1 of the complaint was sufficient, and not subject to demurrer. We failed on the original hearing to observe that the count omitted the word negligent; and as it did not attempt to state any facts to show negligence it was, of course, insufficient as a negligence count, and there is no attempt to declare ex contractu, but only ex delicto.

The count follows the stereotyped pleading of similar counts often held sufficient by us, with the exception that it omits the important word, "negligence."

It is true that in many, if not in most, cases where a passenger shows that he was injured while being carried as a passenger, the burden of proof is on the carrier to acquit itself of negligence; but this is not true in all cases, and as pleadings must be construed most strongly against the pleader we must construe the count against the plaintiff when no negligence is alleged either generally or specifically, and no facts are alleged which show negligence. The authorities are so numerous and uniform as to these propositions that we deem it unnecessary to cite them.

It therefore results that the trial court erred in overruling the demurrer to count 1, the count on which the trial was had the verdict rendered.

The judgment of affirmance is set aside, and one of reversal will be entered.

Reversed and remanded.

## RESPONSE TO APPELLEE'S APPLICATION FOR REHEARING.

If the complaint in this case stated a cause of action, and could therefore be made to support the judgment on the issues made by the pleadings, and it was then made to appear affirmatively that the errors as to rulings on pleadings were cured by instructions, then the cases cited by movant would be apt and authorita-

[Karpeles v. City Ice Delivery Co.]

tive; but they are not apt where the sole count on which the trial was had is so defective as not to state a cause of action. Even if no demurrers were interposed, there, of course, is no record to support the judgment; and this defect cannot be cured by instructions, or any other matter not of record proper. In this case, however, the fatal defect was pointed out by demurrer, and the count was held sufficient; and as it alleges no negligence or actionable wrong on the part of the defendant, or of its agents or servants, and the attempted action was clearly ex delicto and not ex contractu, there was shown, of course, no cause of action and none was required to be proven. Proof without allegation, in such cases, is as impotent as allegation without proof.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.