(93 South. 462)

## TOMME v. PULLMAN CO. et al. (6 Div. 521.)

(Supreme Court of Alabama. Feb. 2, 1922.
Rehearing Denied May 11, 1922.)

**1. Appeal and error ⬅︎1040(4)—Sustaining demurrer to count not ground for reversal, where plaintiff had full benefit thereof under another count.**

Sustaining demurrer to count is not ground for reversal, where plaintiff had full benefit of such count under another count.

**2. Carriers ⬅︎283(2), 284(1)—Liable for misconduct toward passengers only when wrong is actually foreseen, or could reasonably have been anticipated.**

While common carriers are required to protect passengers against violence or insult from servants or strangers, they are liable for failure to so do only when the wrong is actually foreseen in time to prevent the misconduct, or is of such a nature and perpetrated under such circumstances that it might reasonably have been anticipated in the exercise of reasonable care.

**3. Carriers ⬅︎284(1)—Degree of care required to protect passenger from misconduct of others stated.**

A carrier is required to exercise a high degree of care to protect passengers from misconduct while a passenger is on the vehicle, but only ordinary care while passenger is waiting at the carrier's station.

**4. Carriers ⬅︎284(1)—Only ordinary care required to anticipate threatened violence or insult to passenger on vehicle.**

While the law requires a high degree of care on the part of carrier's servants to protect the passenger while on the vehicle from injury or insult from another when the wrong is actually foreseen, it requires only ordinary care and prudence in foreseeing or anticipating the threatened violence or insult.

**5. Carriers ⬅︎413(3)—Rule as to liability for insult to female passenger at hands of intoxicated male passenger stated.**

Carrier operating sleeping car was liable for damages, caused when drunken male passenger in a nude or partially nude condition fell or climbed into the berth of a female passenger, only if it knew, or in the exercise of reasonable care could have ascertained, the intoxicated condition of such passenger, and in the exercise of ordinary care could have anticipated that he would probably insult or injure the female passenger.

**6. Husband and wife ⬅︎209(3)—Extent to which husband may recover for injuries to wife stated.**

A husband cannot recover for an injury to the wife in and of itself, but may recover expenses of caring for her and damages for being deprived of her services, society, etc.

**7. Husband and wife ⬅︎209(3)—Husband, suing for wife, who had done washing, could recover reasonable cost of having washing done by others.**

Where a wife had previously done the household washing, and was by the injury rendered unable to do so, the husband, suing for injuries to the wife, could recover the reasonable cost of having the washing done by others.

**8. Damages ⬅︎99—Husband, suing for injuries to wife, who had previously done washing, could not recover amount paid laundry, in absence of proof that sum was reasonable.**

In husband's action for injuries to wife, who had previous to injury done the household washing, but was rendered unable to do so by the injury, husband could not recover as damages the amount paid the laundry for doing the washing, in the absence of proof that the sum so paid was reasonable.

**9. Trial ⬅︎296(11)—Misleading instruction as to amount of recovery held not ground for reversal, in view of other instructions.**

In husband's action for injuries to wife, instruction that the husband could "in no event" recover on account of any injuries or damage which may have been sustained by the wife *held* not ground for reversal, in view of other instructions stating the correct rule.

Anderson, C. J., and Thomas, J., dissenting.

Appeal from Circuit Court, Jefferson County; D. A. Greene, Judge.

Action by J. B. Tomme against the Pullman Company and the Southern Railway Company for damages. From a judgment for defendants, plaintiff appeals. Affirmed.

The plaintiff, J. B. Tomme, brought his action against the defendants for damages for injuries sustained by his wife while a passenger. The complaint alleges that the plaintiff's wife, while occupying a berth in one of the Pullman cars in the train on which she was a passenger, for which accommodation she had duly paid, a drunken passenger, in a nude or partially nude condition, fell or climbed into the berth of plaintiff's wife, injuring her, etc.

Charge 11, given for defendants, reads:

"To render the defendant liable for injuries to plaintiff's wife as a result of acts or misconduct on the part of a fellow passenger, it is necessary to show that the employés of the defendant knew or had an opportunity to know that injury was threatened, and then failed to exercise all reasonable precautions to prevent the infliction of such injury."

Charge 20, given for defendants, reads:

"I charge you that this defendant had no legal right to prevent the passenger who fell from his berth from occupying that space for which he had paid, unless the defendant's servants had knowledge of facts and circumstances which would have led a reasonable or prudent

man to believe that said passenger, who fell from his berth, was apt or liable to be guilty of such acts and conduct as would probably result in injury or damage to 'some of his fellow passengers."

Charge 15, given for defendants, reads:

"There can, in no event, be any recovery in this case on account of any injuries or damage which may have been sustained by plaintiff's wife."

Brown & Denson, of Birmingham, for appellant.

Common carriers are bound to exercise the highest degree of care with respect to their undertaking to safely carry passengers, and are liable for the slightest degree of negligence proximately resulting in injury to them. 179 Ala. 274, 60 South. 262; 161 Ala. 489, 50 South. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; 152 Ala. 101, 44 South. 538, 126 Am. St. Rep. 17; 194 Ala. 211, 69 South. 614. The foundation of plaintiff's right of action is the injury wrongfully inflicted upon his wife, and the existence and extent of the injury are necessarily involved in the case. In the ascertainment of damages suffered by the husband, consequent upon loss of services of the wife, his right of consortium, expense and trouble incident to her treatment, etc., are elements. 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; 182 Ala. 547, 62 South. 86; 195 Ala. 397, 70 South. 763; 196 Ala. 670, 72 South. 305. The court erred in refusing to allow plaintiff to show value of wife's services in respect of laundry. 196 Ala. 670, 72 South. 305; 195 Ala. 397, 70 South. 763; 182 Ala. 547, 62 South. 86; 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181. Charge 11, and other like charges given for defendants, fell short of defining the duties which the carrier and its servants owed to its passengers, and the requisite degree of notice or knowledge essential to liability, and were erroneously given. 179 Ala. 274, 60 South. 262; 183 Ala. 415, 62 South. 851; 164 Ala. 62, 51 South. 345; 188 Ala. 292, 66 South. 100, L. R. A. 1915C, 450; 184 Ala. 474, 63 South. 527; 128 Ala. 283, 29 South. 771. Charge 15, given for defendants, was in effect the affirmative charge, and was error. 171 Ala. 324, 54 South. 638, Ann. Cas. 1913A, 1181; 182 Ala. 547, 62 South. 86; 195 Ala. 397, 70 South. 763; 196 Ala. 670, 72 South. 305.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellees.

In order to render defendants liable in this case, it was necessary for plaintiff to prove that the employés of defendants had knowledge or opportunity to know that danger was threatened. 183 Ala. 255, 62 South. 871; 27 Ala. 591; 139 Fed. 972, 72 C. C. A. 20, 2 L. R. A. (N. S.) 105, 3 Ann. Cas. 251; 93 Va. 44, 24 S. E. 467, 32 L. R. A. 792, 57 Am. St. Rep. 786; 107 Tex. 594, 182 S. W. 893; 10 C. J. 901. Charge 11, and other charges to like effect, given for defendants correctly stated the law. Authorities cited above. Charge 15 was correctly given for defendants. 182 Ala. 547, 62 South. 86.

ANDERSON, C. J. [1] Whether count 1 was or was not subject to defendants' demurrer, the action of the trial court in sustaining same was without injury to the plaintiff, as he got the full benefit of said count under count 2, as the gravamen of the action charged or attempted in count 1 is identical with that set out in count 2, and the establishment of count 2 required no more proof than count 1. In fact, it required less.

[2, 3] It is well settled by the decisions of this as well as other courts that, while it is the duty of common carriers to protect their passengers against violence or insult, whether from their servants or strangers, the liability of the carriers to protect from misconduct of others arises only when the wrong is actually foreseen in time to prevent the misconduct, or it is of such a nature and perpetrated under such circumstances that it might reasonably have been anticipated. This duty to protect passengers is not confined to the carrier's vehicle, but extends throughout the continuation of the relation. The degree of care, however, varies with time and place; a high degree of care being required while the passenger is on the vehicle, and only ordinary care while the passenger is waiting at the carrier's station. N. C. & St. L. Ry. v. Crosby, 183 Ala. 237, 62 South. 889; Montgomery Traction Co. v. Whatley, 152 Ala. 101, 44 South. 538, 126 Am. St. Rep. 17.

[4, 5] While the law requires a high degree of care on the part of the carrier's servants to protect the passenger while on the vehicle from injury or insult from another when the wrong is actually foreseen, it only requires ordinary care and prudence in foreseeing or anticipating the threatened violence or insult. In other words, if the defendants knew of the intoxicated condition of McGarrity, and that it was such that they could reasonably foresee, or anticipate, that he would probably insult or injure the plaintiff's wife, they owed her a high degree of care to use all reasonable precaution to protect her. We know of no rule of law, however, that required the defendants' servants to be expert in ascertaining the intoxicated condition of McGarrity, or in foreshadowing the probable consequence of same. True, carriers are chargeable with a high degree of skill and care in the conduct of their trains, the equipment of same, and in the selection of those charged with the control and operation of same; but this does not mean that the servants so selected shall also be skilled in matters not pertaining to the equipment,

operation, and management of the trains, and that they shall possess a more sensitive smell or keener vision in detecting the intoxicated condition of a passenger than the ordinarily experienced and prudent person. Hence the rule declared in B. Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 South. 262, does not apply to the duty of the defendants' servants in the discovery or ascertainment of McGarrity's condition and in anticipating or foreseeing the consequences thereof. We do not think that the charges embraced in assignments of error 10, 11, 12, 18, 22, 23, 24, 25, 28, 32, and 33 are in conflict with the foregoing rule, or possess any infirmity which rendered the giving of same reversible error. It is true the latter part of charge 11 could have been more aptly worded, by requiring a high degree of care to prevent the infliction of the injury; but it does not require the exercise of "all reasonable precautions to prevent such injury," and which is the necessary equivalent of the degree of care required by law under the existing conditions and surroundings, as a high degree of care did not and could not call for the exercise of unreasonable precautions.

The trial court did not err in giving the defendants' charge 20. It is not confined to the knowledge of facts or circumstances at the time McGarrity went to his berth, but is broad enough to cover a knowledge of circumstances prior to his falling and overcomes the objection argued against same in brief of appellants' counsel.

Assignment of error 15 is so palpably without merit that a discussion of same can serve no good purpose.

The court, after a careful consideration of the evidence, is of the opinion that the trial court properly gave the general charge for the defendant as to wanton count 3.

[6] Charge 15, given for the defendant, is bad. It is in effect the general charge, as it instructs the jury that in "no event" can there be a verdict for the plaintiff on account of injuries or damages which may have been sustained by the wife. True, as held in the former decisions of this court, the husband cannot recover for an injury to the wife in and of itself, but may recover for such injury when it produces such damage to her as to put the husband to the expense of caring for her, or deprives him of her services, society, etc.; and while he cannot recover for the injury alone, yet he cannot recover, except on account of the injury producing the damage to her and, to instruct the jury that in "no event" can the husband

207 Ala.—33

recover on account of such injury or damage to the wife, notwithstanding she was injured, and notwithstanding said injury caused him damage, is in effect an instruction against his right to recover in this case. It may be true that the trial court did not intend to go to this extent in giving this charge, as gathered from the oral charge, as well as the plaintiff's given charge 1; but charge 15 is in conflict therewith, and, instead of being merely misleading, is bad. The oral charge and the plaintiff's given charge may be correct, yet giving charge 15 in effect instructed the jury that, notwithstanding the oral charge, or the plaintiff's given charge, you can in "no event" find a verdict for the plaintiff on account of the injuries or damages to his wife. The trial court committed reversible error in giving charge 15.

[7, 8] The fact being that the wife had previously done the household washing, and was, by the injury, rendered unable to do so, the reasonable cost to the plaintiff in getting it done would be a recoverable item of damage to him, but should not be fixed by what he had paid the laundry, in the absence of some proof that the sum so paid was reasonable.

The other objections to the rulings upon the evidence are without merit.

[9] All the Justices concur in the opinion, except as to the criticism of charge 15. The majority, consisting of McCLELLAN, SAYRE, SOMERVILLE, GARDNER, and MILLER, JJ., are of the opinion, and so hold, that charge 15 is technically correct and is, at most, misleading, and that the misleading tendency was so explained or qualified by the oral charge as to remove the injurious effect of same and that the case should be affirmed.

The judgment of the circuit court is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS, J., think that the giving of charge 15 was reversible error, and therefore dissent.

On Rehearing.

ANDERSON, C. J. There are expressions in Irwin v. L. & N. R. Co., 161 Ala. 489, 50 South. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772, and Seaboard Air Line R. Co. v. Mobley, 194 Ala. 211, 69 South. 614, not entirely in accord with the present opinion, and said cases are expressly overruled, in so far as they may conflict with the present holding. On this point all the Justices concur, except THOMAS, J., who dissents.

Rehearing denied.