(128 So. 143)

## LINDSEY v. KINDT.

### 6 Div. 585.

Supreme Court of Alabama.
April 17, 1930.

Lange, Simpson & Brantley, Ormond Somerville, Jr., and Jas. A. Simpson, all of Birmingham, for appellant.

Nesbit & Sadler, of Birmingham, for appellee.

BROWN, J.

This case was tried at the same time and before the same jury as that of S. E. Lindsey, Appellant, v. Grace Kindt, Appellee, disposed of April 3, 1930. Lindsey v. Kindt (Ala. Sup.) 128 So. 139.[1] The opinion in that case disposes of all questions presented on this appeal, except the question of the amount of the recovery.

The verdict of the jury awarded the plaintiff $3,500, and, on the hearing of the motion for new trial, a remittitur was entered by the plaintiff, reducing the amount of the recovery to $1,000, and thereupon the motion was overruled.

The plaintiff, in addition to damages for personal injuries to himself, if proximately caused by the defendant's negligence, plaintiff's negligence not contributing thereto, or defendant's wantonness, was entitled to recover damages resulting for injuries inflicted on his wife, the loss of her services and society, and expenses incident to the treatment of her injuries. Alabama City, G. & A. Ry. Co. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181; Tomme v. Pullman Co. et al., 207 Ala. 511, 93 So. 462. And under the circumstances it was within the province of the jury to award punitive damages. Lindsey v. Grace Kindt, post, p. 190, 128 So. 139.

We are not able to affirm that the modified judgment is unjust, and that a new trial should be awarded.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

