166 So. 800

**MOSLEY v. TECHE LINES, Inc.**

6 Div. 758.

Supreme Court of Alabama.

Feb. 13, 1936.

Rehearing Denied April 9, 1936.

Clifford Emond, of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

BOULDIN, Justice.

The suit was for personal injury to a passenger. Defendant was a common carrier of passengers by motorbus.

The evidence, presented by plaintiff alone, disclosed an unusual casualty.

The motorbus was on a regular trip from Birmingham to New Orleans. Plaintiff was a passenger. It was a rainy day in February. Approaching Hattiesburg, Miss., there was a stretch of unpaved road, surfaced with gravel or chert. The road became muddy and slippery, with some pools of water in ruts or depressions.

A truck passed the motorbus going in an opposite direction. Evidence tended to show that for a distance of a city block or more it could be seen that this approaching truck was splashing water and mud to right and left. As it passed this motorbus a

volume of water, mud, and grit was thrown against the motorbus, blinding the windshield. The plaintiff was riding on the left-hand side some four or five seats to the rear of the driver's seat. The windows of the bus were all closed, except the driver's window just to his left. Mud was cast through this window, struck the luggage rack on the opposite side, was deflected and thrown into the face of the plaintiff, inflicting painful injury and some impairment of the vision of the right eye.

The affirmative charge was given for defendant. Appellant insists the evidence made a case for the jury on the question of negligence of the motorman in failing to close the window to his left under all the circumstances. The evidence merely says it was "possible" for him to do so.

Common carriers of passengers are charged with the high degree of care which grows out of the contractual obligation to carry safely in so far as care, skill, and diligence can reasonably assure safety.

The degree of care imposed by law, as applicable to this case, we think accurately stated in the fourth headnote to B'ham Ry., L. & P. Co. v. Barrett, 179 Ala. 274, 60 So. 262, 263, to wit: "Although carriers of passengers are bound, in respect of their duty to carry safely, to exercise the highest degree of care, skill and diligence, and are liable for the slightest degree of negligence proximately resulting in injury, the term 'highest degree of care' is a relative one and means the highest degree required by law in any case where human safety is at stake—the highest degree known to usage and persons engaged in the same business by similar means or agencies—but does not mean that every possible or conceivable act of care or precaution which might increase or even assure the safety of a passenger must be taken but only such as are reasonable under the circumstances —that is, reasonably consistent with the practical operation of the carrier's business." See, also, text of that opinion, and authorities cited in 179 Ala. 274, on page 282, 60 So. 262; Louisville & N. R. Co. v. Bowen, 212 Ala. 690, 103 So. 872; Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896, 898.

The carrier is not an insurer of the safety of passengers. The burden of proof is on plaintiff to show negligence; that is to say, some act or omission disclosing a want of that degree of care above stated, or circumstances from which such want of care may be reasonably inferred.

We agree with the trial court that this evidence does not meet such burden. Sure, the high duty of care required by the law may include the duty to use all reasonable precautions to prevent the casting of water, mud, gravel, or maybe dust into the faces of passengers by passing vehicles.

Closing windows between passengers and such vehicles may illustrate such duty.

The driver's window may and often should be kept open for the purpose of giving signals as occasion may arise at any time on a busy highway. Ventilation for the benefit of passengers is among the duties of such carrier. The more important is this where, as here, the bus was full of passengers.

So it does not appear there was any duty to keep this window closed while running over this stretch of highway, and passing vehicles. Does the evidence disclose a duty to close it on the approach of the truck in question? It does not appear it was running at unusual speed or appeared to be throwing water and mud in greater volume or distances than other such vehicles. Would a vigilant driver reasonably anticipate that mud and water would be thrown in at his window in such way as to injure his passengers? Again, was the condition of the road such that his first duty was to keep both hands on the wheel? That it was "possible" for him to have closed his window is not enough to warrant an inference that under all the conditions known to him, or which should have been anticipated, it became his duty at that moment to close the window. For all that appears, he could not anticipate an accident of this character, or, if he deemed it possible, it does not appear it was so probable that he should have taken such course in view of other duties to his passengers at the moment.

We therefore conclude the evidence is insufficient to warrant a reasonable inference of want of care as the proximate cause of the injury. The affirmative charge for defendant was given without error.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.