174 So. 474

**LOUISVILLE & N. R. CO. v. COURSON.**

**6 Div. 951.**

Supreme Court of Alabama.

April 8, 1937.

Rehearing Denied June 3, 1937.

274

Chas. H. Eyster, of Decatur, and White E. Gibson, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

THOMAS, Justice.

The suit was for personal injury.

The complaint contained three counts. Plaintiff withdrew count 2 and the court gave the general affirmative charge as to count 3, leaving only count 1, upon which the trial was had.

The gravamen of count 1 is as follows: "* * * defendant was a common carrier of passengers for hire and reward by means of a railway train or trains, and facilities, and plaintiff was the passenger of defendant on said occasion and as such passenger was riding in a railway coach of which on said occasion defendant was in charge or control.

"Plaintiff avers that on said occasion defendant negligently conducted itself in or about carrying plaintiff as its passenger and as a proximate consequence thereof the glass in a door of said coach fell and struck the plaintiff and inflicted cuts, wounds and other injuries on his person; * * * all to his damage, which he

claims, and he also claims punitive damages."

The defendant pleaded the general issue, in short by consent, with leave to give in evidence as a matter of defense any matters which would constitute a good defense, if specially pleaded.

The court stated to the parties: "I just got through stating to the jury that Count One covers both claims of the plaintiff," viz.: (1) "that the defendant so negligently conducted itself in or about carrying him [plaintiff] as a passenger that as a proximate consequence of their negligence he was" injured, and (2) "that the door of the car was defective and jammed or stuck, and that he was injured as a proximate consequence of that defective condition of the door, and that that was proximately caused by the defendant's negligence." That is to say, plaintiff bases his claim on (1) breach of contract, defective equipment, and (2) on the breach of duty of the conductor in not apprehending a disorderly passenger, who, in seeking to open the door, broke the glass that caused the plaintiff's injuries.

There was conflict in the evidence as to the physical condition of the door, or whether or not it was in proper condition in and for its use; and as to how the glass in the door was broken. There was further conflict in the evidence as to whether or not Hurst—the one who in passing through the door broke the glass and in so doing caused the injury—was drunk. The evidence fails to disclose that the conductor was present at any time when it is alleged Hurst took a drink, was boisterous, rude, or rough in his conduct, or that he did any act from which defendant's agent might have foreseen that he or others would strike or break the glass. It was an excursion train. The duty and responsibility of defendant's employees in charge will be judged in the light of the circumstances of the occasion, immediately or reasonably preceding the incident or accident causing the injury.

■ The general averments of count 1, to which demurrer was directed, were well within the rule that obtains in this jurisdiction in the charging of simple negligence. Dwight Manufacturing Co. v. Holmes, 198 Ala. 590, 73 So. 933; Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614; Louisville & Nashville R. Co. v. Church, 155 Ala. 329, 46 So. 457, 130 Am.

St.Rep. 29; Alabama Great Southern Railroad Co. v. Robinson, 183 Ala. 265, 62 So. 813; Birmingham, Ensley & Bessemer R. Co. v. Stagg, 196 Ala. 612, 72 So. 164; Buffalo Rock Co. v. Davis, 228 Ala. 603, 154 So. 556; McQueen v. Jones, 226 Ala. 4, 145 So. 440.

The "time and place of injury" cases cited, as to injury to animals (Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661; Bugg v. Green, 215 Ala. 343, 110 So. 718), are not applicable to a case involving injury to a passenger on board a train, and as the train proceeded.

■ The two questions sought to be propounded to defendant's inspector of police, Goad, who was aboard the train at the time and place in question, were proper. The court having allowed the plaintiff to present the damnifying cause—the defective door and the physical and mental condition of Hurst when he broke the glass— defendant had the right to rebut such unfavorable inferences as to the trainman's knowledge of any unusual or boisterous conduct on the part of Hurst immediately preceding his breaking the glass. The matter sought to be elicited was only partially covered by other answers of that witness. The questions to which objections were sustained were: "Did you know, or have any information on which to base any knowledge, that he was going to take a notion to break out a glass with his fist?" and "At any time that you saw him on the occasion of that trip, was he boisterous or rowdy or violent in any way to indicate any probability or likelihood of his doing violence to anybody on that train or any property of the railroad?" The witness testified: "Prior to the time of the breaking of this door on that occasion, Mr. Hurst did not, in my presence disturb anybody or molest anybody in a violent or boisterous manner. Before the time that Hurst broke this glass I had not seen him try to break up any of the Company's property, or break it up, or anything of that kind. I did not hear him make any threats against anybody, the Company or anybody connected with the Company or any passengers on the train, prior to that time." This was a phase of plaintiff's claim growing out of the failure of the inspector to afford protection after having reasonable grounds for believing that violence was imminent. The questions were within the rule of collective facts. East Tenn., Va. & Ga. Railroad Co. v. Watson, 90 Ala. 41, 44, 7

So. 813; Southern Railway Company v. Hanby, 183 Ala. 255, 262, 62 So. 871; Nashville, C. & St. L. Railway v. Crosby, 183 Ala. 237, 62 So. 889. In Tomme v. Pullman Co. et al., 207 Ala. 511, 512, 93 So. 462, 464, this court observed: "It is well settled by the decisions of this as well as other courts that, while it is the duty of common carriers to protect their passengers against violence or insult, whether from their servants or strangers, the liability of the carriers to protect from misconduct of others arises only when the wrong is actually foreseen in time to prevent the misconduct, or it is of such a nature and perpetrated under such circumstances that it might reasonably have been anticipated."

 Miles Gray, a witness for plaintiff, testified that Hurst was drunk on the excursion; and further testimony of this witness tended to damage, injure, and reflect upon the character and reputation of Hurst. Defendant sought to show that on the occasion of the injury the two parties (Gray and Hurst) were friends, but that since that time an unfriendly feeling had arisen between them. Such evidence was not competent, for that it was in the nature of an impeachment of Gray, and he was not interrogated to such effect. Under the general rule, anything which tends to show bias, unfriendliness, enmity, or inclines the witness to swear against a party, is admissible. This, however, must be duly presented for impeachment. Drummond v. Drummond, 212 Ala. 242, 102 So. 112.

 There was no error in the court declining to exclude the contradictory statements of plaintiff (on direct and cross examination) as to whether or not there was anything wrong with the door. A contradictory tendency of evidence was merely presented by such statements, making a jury question. Jones et al. v. Bell, 201 Ala. 336, 77 So. 998; McMillan v. Aiken et al., 205 Ala. 35, 40, 88 So. 135. This was not offensive to the rule that one may not impeach his own witness. Southern Bell Telephone & Telegraph Co. v. Mayo, 134 Ala. 641, 33 So. 16.

 We are brought to a consideration of the refusal to give general affirmative charges requested by the defendant. The many decisions of this court dealing with negligence as the proximate cause, when some independent agency has intervened and been the immediate cause of the injury, hold the party guilty of negligence in the first instance is not responsible, unless at the time of the original negligence the act of the independent agency could have been reasonably foreseen. That is to say, if the act of the independent agency could have been reasonably foreseen, the causal chain is not broken. If the injury resulted from an independent, intervening, efficient cause, not reasonably to be anticipated, to wit, the act of a third person, the negligence shown, if any, was not the proximate cause of the injury. We cite a few of our cases, as follows: Morgan Hill Paving Co. v. Fonville, 218 Ala. 566, 119 So. 610; Id., 222 Ala. 120, 130 So. 807, involving an obstruction on the highway, where the lights were removed therefrom by a third person; Smith v. Alabama Water Service Co., 225 Ala. 510, 143 So. 893, a suit for personal injuries, alleged to have been suffered by appellant, as a result of falling into an open meter box; Alabama Power Company v. McIntosh, 219 Ala. 546, 122 So. 677, a case wherein defective installation of floor fixture caused an explosion in polishing the floor; Golson v. W. F. Covington Mfg. Company, 205 Ala. 226, 87 So. 439; Sheffield Co. v. Morton, 161 Ala. 153, 49 So. 772, where the failure to guard high-tension electric wire held not the proximate cause of the death of a boy, who came in contact with a foreign wire, thrown over the power wire by an independent agency; Alabama Power Co. v. Cooper, 229 Ala. 318, 156 So. 854, where the aerial wire was hung over the uninsulated light wire, drawing the current with deadly effect; City of Birmingham v. Latham, 230 Ala. 601, 162 So. 675, and authorities, a viaduct case, where the span was low; Alabama Utilities Co. v. Champion, 230 Ala. 263, 160 So. 346, where heavily charged wires at a cotton gin were not properly protected; Mosley v. Teche Lines, Inc., 232 Ala. 110, 166 So. 800, where the carrier is held not liable for injuries to a passenger by objects thrown or projected through a window of the vehicle; and the Squib Case, reported as Scott v. Shepherd, 2 W.Bl. 892.

The question presented by such written charges is whether or not the negligence of the defendant, if shown as to the door jamming, was the proximate cause of plaintiff's injury? The injury resulted from the independent negligence of a third person, not from the negligence of the agent of the defendant, which inter-

vened as the efficient cause of plaintiff's injury, and such intervention and cause was not reasonably anticipated by the defendant. The case of Byars v. Alabama Power Company (Ala.Sup.) 172 So. 621,[1] is not to the contrary. It was required to clean the power line of accumulations of cotton thereon to prevent fire hazard.

In our latest case, Mosley v. Teche Lines, Inc., 232 Ala. 110, 166 So. 800, 801, Mr. Justice Bouldin makes observation of the duties of carriers to passengers. He collects authorities to the effect that, though such carriers are bound to exercise the highest degree of care, yet they are not liable for slightest degrees of negligence proximately resulting in injury, not being an insurer of the safety of passengers; that the term "highest degree of care" in respect to passengers is relative "and means highest degree required where human safety is at stake," as known to usage in the same business by similar means, but does not require taking of every possible precaution to increase safety; but only such means as are reasonable under the circumstances. Seaboard Air Line Railway Co. v. Mobley, 194 Ala. 211, 69 So. 614; Ensley Holding Co. v. Kelley, 229 Ala. 650, 158 So. 896, the banana peel case. The facts are thus adverted to, saying in effect that it was possible for the driver to close his window and thus prevent the injury, but are not enough to warrant an inference that under the conditions known to him, and which should have been anticipated, it became his duty to close the window: that he could not anticipate that the one accident of this character would occur; and, if he deemed it possible, it does not appear that it was so probable that he should have taken such course, in view of the duties to his passengers at the moment. Such failure to close the window was held insufficient on which to predicate liability for the injury, and the affirmative charge for defendant was given without error, in that the evidence was insufficient to warrant a reasonable inference of the want of due care as the proximate cause of the injury.

Where the act or the injury is not by common experience naturally and reasonably in sequence, and the injury does not, according to the ordinary course of events, follow the act, there is not actionable negligence. Here a door becoming defective in transit and forced open as it was by a stranger is not sufficiently connected to make the act a proximate cause of the injury sustained by the passenger. City of Birmingham v. Latham, supra; Mobile & O. R. Co. v. Christian Moerlein Brewing Co., 146 Ala. 404, 41 So. 17; Whitman v. Mobile & O. R. Co., 217 Ala. 70, 114 So. 912. When facts are such that all reasonable men must draw the same conclusion, the question of proximate cause is one of law for the court. Morgan Hill Paving Co. v. Fonville, supra. Such is this case on the undisputed facts, as to intervention of a third party breaking the glass and causing plaintiff's injury in the manner indicated. The evidence does not show or tend to show any causal connection between the condition of the door and the plaintiff's injury, as shown by the testimony of the third party, Hurst, who broke the glass. The facts of this case clearly differentiate it from the case of Dye-Washburn Hotel Co. v. Aldridge, 207 Ala. 471, 93 So. 512. In the last-cited case the screen in the window was left in such condition as to render it insufficient to screen and protect the glass in the window and to protect the guest from injury occasioned by the falling of the glass, made likely to occur, in the natural, ordinary, or probable use of the room by the guest. In the instant case, however, the defendant could not be held to reasonably foresee that a passenger would break the glass in the door under the circumstances shown in the evidence.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

