162 So.2d 618

Orlean GILBERT

v.

BIRMINGHAM TRANSIT COMPANY.

6 Div. 978.

Supreme Court of Alabama.

April 2, 1964.

Cato & Hicks, Birmingham, for appellant.

Donald L. Collins, Deramus & Johnston, Birmingham, for appellee.

PER CURIAM.

Appellant filed her suit in the Circuit Court of Jefferson County to recover damages from appellee for personal injuries she alleges to have received while riding as a passenger on a bus owned and operated by defendant. The complaint charges that negligence on the part of the bus driver proximately caused her injuries.

The case was tried on count one of the complaint, which fails to allege any contract relationship between plaintiff and defendant. There is no allegation that defendant was a common carrier of passengers; nor is there any allegation in the complaint that charges defendant with the duty to exercise the highest degree of care, or that imposes on it liability for the slightest degree of negligence proximately resulting in injury. Mosley v. Teche Lines, 232 Ala. 110, 166 So. 800.

 Appellant's "Statement of Facts," in brief, covers two pages of legal cap paper, while the transcript of the evidence before us covers 104 pages. The statement fails to refer to the pages of the transcript. This statement of facts fails to comply with the mandates of Rule 9, Revised Rules of the Supreme Court, Title 7, Code of Alabama 1940, Appendix, Recompiled 1958.

We wish also to observe that appellee's reply brief and argument contains seven words: "There is no error in the record." It does not challenge the correctness of appellant's statement of facts, nor does it amplify such statement. It contains no argument, no propositions of law, and not one citation of authority.

We conclude from the brief statement of facts in appellant's brief that a factual issue was presented to the court for judicial determination. The issue was decided adversely to appellant.

This case having been tried before the court without the aid of a jury, we must observe the rule, which we have consistently followed, that the finding of the trial court has the effect of a jury's verdict and will not be disturbed unless plainly and palpably wrong. Dunahoo v. Brooks, 272 Ala. 87, 128 So.2d 485 [3]. Such finding here was not in our opinion plainly and palpably wrong.

The judgment of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, MERRILL, and COLEMAN, JJ., concur.